# UNITED STATES DISTRICT COURT

for the

Eastern District of Oklahoma

_________ Division

FILED
AUG 14 2019
PATRICK KEANEY
Clerk, U.S. District Court
By ________
Deputy Clerk

(see attached)
Lamone Monté Johnson, et. al
Plaintiff(s) 744047
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

(see attached)
Dr. Sanders, Ron Larimer, et. al
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. CIV 19-269 JHP
*(to be filled in by the Clerk's Office)*

Jury Trial Demanded

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Plaintiff(S)

2. Marquis Lashawn Porter.
784756

Defendant(S)

3. E. Martinez
4. Shanna Taylor
5. SGT Q
6. Correctional officer Burton.
7. SGT Morrison

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Lamone Marlee Johnson

All other names by which you have been known: MaryLinMonae' Marleah-Mezelle Green

ID Number: 744047

Current Institution: Davis Correctional Facility - FD-210

Address: 6888 E. 133rd Rd

Holdenville (City) Oklahoma (State) 74848 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Dr. Sanders

Job or Title *(if known)*: Doctor for Davis Corr. Facility

Shield Number:

Employer: Core Civic: Davis Correctional Facility

Address: 6888 E. 133rd Rd

Holdenville (City) Oklahoma (State) 74848 (Zip Code)

☑ Individual capacity ☑ Official capacity

Defendant No. 2

Name: Ray Larimer

Job or Title *(if known)*: Correctional health services Administrator

Shield Number:

Employer: Core Civic: Davis Correctional Facility

Address: 6888 E. 133rd Road

Holdenville (City) Oklahoma (State) 74848 (Zip Code)

☑ Individual capacity ☑ Official capacity

Page 2 I. The Parties to this Complaint

A. The Plaintiff(s)

No. 1 Name: Marquis Lashaun Porter
All other names by which
You have been known: None - Available
ID Number: [redacted] 786756

Current Institution: Davis Correctional Facility
Address: 6888 E. 133rd Rd.
Holdenville, Oklahoma 74848

B. The Defendant(S)

Defendant No. 5
Name: SGT Q
Job or Title: Sergeant
Shield Number: unknown
Employer: Core Civic: Davis Correctional Facility
Address: 6888 E. 133rd Rd. Individual Capacity
Holdenville, OK 74848

Defendant No. 6
Name: Correctional officer Burton
Job or Title: Correctional officer
Shield Number: unknown
Employer: Core Civic: Davis Correctional Facility
Address: 6888 E. 133rd Rd. Individual Capacity
Holdenville, OK 74848

Defendant No. 7
Name: SGT morrison
Job or Title: correctional officer
Sheild Number: unknown
Employer: Core Civic: Davis correctional Facility
Address: 6888 E 133rd Rd. Individual Capacity
Holden ville OK 74848

Defendant No. 3

| | |
|---|---|
| Name | ~~[illegible] Martinez~~ Ernesto Martinez |
| Job or Title *(if known)* | Unit manager of Fox unit |
| Shield Number | unknown |
| Employer | Core Civic & Davis correctional Facility |
| Address | 6888 E. 133rd Rd. |
| | Holdenville, Oklahoma 74848 |
| | *City*, *State*, *Zip Code* |

[✓] Individual capacity [✓] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Shanna Taylor |
| Job or Title *(if known)* | Case manager for fox delta's unit |
| Shield Number | unknown |
| Employer | Core Civic & Davis correctional Facility |
| Address | 6888 E. 133rd Rd. |
| | Holdenville, Oklahoma 74848 |
| | *City*, *State*, *Zip Code* |

[ ] Individual capacity [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourteenth Amendment, eight Amendment of U.S. Constitution. Failure-to-Protect
Deprived of Property, Due Process clause, equal Protection, inadequate medical care.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statue, ordinance, regulation, custom, or usage of any state or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under Bivens, explain how each defendant acted under color of Federal Law.

Answer? Defendant(s) Ray Larimer, Dr. Sanders, Ernesto Martinez, Shanna Taylor, SGT Q , Correctional Officer Burton, SGT Morrison, all acted under color of state law because they were all "on the Job" when these incidents took place at Davis Correctional facility, 6888, East 133rd Road, Holdenville Oklahoma 74848.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendant(s) Ray Larimer, Dr. Sanders, ~~Eddie~~ Ernesto Martinez see attached

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* __________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Does not apply. N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

(see attached)

These events arose at Davis Correctional Facility

C. What date and approximate time did the events giving rise to your claim(s) occur?

(See attached)

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(See attached)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(See attached)

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

(See attached)

Pg. 4 IV. Statement Of Claim

B. If the events giving rise to Your claim arose in an institution, describe when and where they arose.

Answer? These events Arose at Davis Correctional Facility, 6888 East 133rd Road, Holdenville OK 74848. The dates are multiple, due to multiple events.

C. What date and approximate time did the events giving rise to Your Claim(s) arose? occur?

Answer? The Serious inadequate denial of Medical care began May, 15, 2018. The deprivation of Property Due Process also begined May, 15, 2018, the Equal Protection Violation begined March, 14, 2019 and is till this day currently still on going. The Due Process Clause arose on June, 19, 2019. The failure-to-Protect arose on

D. What are the facts underlying Your Claim(s)?

Substantial risk of serious harm at Davis correctional Facility. Failure-to-Protect, equal Protection violations Deprivation of Property, Due Process Violations, inadequate Medical care all occured at davis correctional Facility.

Claim one: Deprivation of Property/Due Process Clause

The Plaintiff Lamone Johnson "monée" is a Pre-Operative Transgender (MTF). Whom was born a male but Identify as a female. The Plaintiff "Ms. Johnson" was housed at [redacted] Joseph Harp Correctional Center (JH.C.C) on November 17, 2017. Plaintiff used a "Request to Staff" which is Oklahoma department of corrections Grievance Process initial attempt. Plaintiff Ms. Johnson wrote the request to staff to warden Carl bear at the Joseph harp correctional Center. The issues raised in the request to Staff (RTS) was that Ms. Johnson a Transgender woman with Gender identity disorder was trying to obtain cosmetics through canteen. Warden Carl Bear granted Plaintiff Ms. Johnson her relief. (See exhibit 1) Plaintiff Purchased 3 cosmetic Items. 1. eye shadow, 2. foundation, 3. Lip gloss. Plaintiffs

Items Purchased were documented on Plaintiff's Property list (See exhibit 2) Plaintiff was Transferd from J.H.C.C to Lexington Correctional Center, Ms. Johnson was at Lexington Correctional Center for 2 months. Then Plaintiff was transferd to another facility, Dick Conners Correctional center. (D.C.C.C) Plaintiff was there a month and a half. (See exhibit 2) but then yet again Plaintiff was Transferd to Davis Correctional Facility. (D.C.F) Plaintiff arrived May 16, 2016. On that same day Plaintiff was assessed by defendant SGT morrison, The property officer SGT morrison went through the Plaintiff's Ms. Johnson's Personal Property and found Ms. Johnson's Cosmetic Items. She (defendant morrison) said "Oh hell no he will not walk around at this Facility with make-up." Ms. Johnson responded that she was a Transgender with Gender Identity disorder that her make-up was proved by warden Carl bear at J.H.C.C, MS Johnson then informed most respectfully that SGT morrison refer to her as female Pronouns not male Pronouns. SGT morrison then told the Plaintiff Ms. Johnson "You are a man's in a man's Prison.", "You will not get your cosmetics unless approved by medical." SGT morrison Confiscated and Destroyed Plaintiff's Cosmetic Property. (See exhibit 3) Plaintiff wrote a "Request For Health Services" (Sick Call) to medical on two occasions. (See exhibit 41,42) the Correctional Health services Administrator, defendant, Ray Larimer respond to both sick calls. to saying that it was not a medical issue when indeed Plaintiff ms. Johnson was approved to order cosmetics only because of her Gender identity disorder. (See exhibit H) So it was a medical issue. As well as asking for a bra which was also confiscated by D.C.F officers. Plaintiff Ms. Johnson also wrote an "Inmate request" to medical the same day as the sick calls (See exhibit's 41,42,5) 5-17-16, again Mr. Larimer responded that this was not a medical issue. So Ms. Johnson filed a RTS and started the Oklahoma department of Corrections Grievance Process. (See exhibit's 21-2-20, for Grievance Process)

Plaintiff Ms. Johnsons Exhausation of Adminastrative Remides were attempted and completed to the best of her Knowledge (See exhibits, 61, 61 Backside, 62, 62 Backside, 63, 63 Backside) Ray Larimer Knew of the rights that were being violated and he did nothing to stop this situation or grant any relief. So defendants, SGT Morrison and Ray Larimer met the deliberate indifference requirements. Due to multiple request and attempts to notify.

Injuries: There was no injuries to claim the only property destroyed without Due process of law.

Relief: That SGT Morrison Pays Ms. Johnson $7,000 in Punitive damages, and $895 in compensatory damages. That an injunction be issued to Ray Larimer to Provide Transgender inmates with the proper, appropriate medical assistance, care, A Jury trial on all issues triable by a Jury, a declaration.

<u>Claim two: Denial and inadequate Medical Care</u>

Plaintiff Lamone Johnson (Ms. Marylin monae Green) is and was always a Preoperative Transgender (see exhibits 71, 72, 73) The Plaintiff Ms. Johnson was sentenced to Ten Years D.O.C. on 8-26-16. The Plaintiff was detained at the Oklahoma County Sheriff's office where she was continued on her Hormone replacement therapy (HRT) (See exhibits 81, 82, 82 Backside, 83, 83 Backside, 84, 85.) Ms. Johnson was evaluated at the Oklahoma County Jail (See exhibit 85) for Gender Identity disorder. and was confirmed and continued on her Hormones, estradiol (estrogen) and her testorone blocker spironolactone. (See exhibits 81, 82, 82 Backside, 83, 83 Backside, 84, 85) Ms. Johnson was sent to Oklahoma Department of Corrections 9-22-16, she was assessed at LARC

IV. Statement of Claim, Claim Two Continued.

(Lexington Assesment and reception center) where she was assessed and Continued on her Hormone replacement therapy. (See exhibit's 10-1, 10-2, 10-3, 10-4.) Ms. Johnson was sent to North fork correctional center (N.F.C.C.) where she signed and agreed to the continuance of her HRT. (See exhibit 91, 91 Backside) from NFCC Plaintiff was transferd to multiple Facilites (see claim one) Ms. Johnson arrived at D.C.C.C (Dick conners Correctional Center.) Ms. Johnson was Promised in her Aggrement with oklahoma department of corrections (See exhibit 91, 91 backside) that she would be monitored to see if she was benefiting from the hormones. well Ms. Johnson Breast was an A-cup size. However Ms. Johnson's dysphoria about her body was not being releived. So Ms. Johnson wrote to a Transgender Law center where she received Proper (adequate male to female Hormone Guide.) Information from specialist in Gender identity disorder, (See exhibits 11-1-18) The Plaintiff submitted a "Oklahoma department of corrections request for health services." (See exhibits 12-1, 12-2, 12-3) on 3-26-18, the mental health servies replied "Ms. Johnson You have an order for undergarments." (see exhibit 12-1) on 4-20-18, Plaintiff Ms. Johnson returned from a "Writ" from Oklahoma county sherrifs office where she obtained a copy of her medical records "Transfer summary" (see exhibit 13) which states the change of dosage of Her Hormonal replacement therapy medication. Plaintiff submitted a "Sick Call" (See exhibit 12-2, 12-3) Plaintiff was informed before they could adjust her medication Plaintiff needed to be evaluated for Gender Dysphoria. by Dr. Patrica Jones. Plaintiff informed D.C.C.C Doctor that she was already evaluated at Oklahoma county Sherriff's office. (See exhibit 85) Showed her medical records (81, 82, 83, 84, 85, 13) but was told she needed to be evaluated by there Doctor Patrica Jones. On 5-1-18 Patrica Jones evaluated Ms. Johnson at D.C.C.C Medical unit. Ms. Johnson showed Dr. Jones her Pictures (exhibits 71, 72) her medical records (exhibits 81, 82, 83, 84, 85, 13) Ms. Johnson was Transfert to Davis correctional facility on 5-16-18, Plaintiff was informed by Dr. Stepard and Ray Lariner that Patrica Jones denied Ms. Johnson having Gender Dysphoria. (See exhibits 14-1-9) Stating that Ms. Johnson had a Personality disorder. Ms. Johnson was told by defendant Ray Lariner that he would be discontinuing Ms. Johnson's Hormone Replacement

Therapy (HRT) Ms. Johnson Informed Him that She has been on this medications for 3 Years that Stopping it would mess with her hormonal balance that has been gained over the course of 3 Years. Defendant Ray Lariner Informed that him and Dr. Sanders would be Stopping Plaintiff HRT around August 2018. Plaintiff Seeked Advice from the Transgender Law center when She recived "the worlds Professional Association for Transgender health" "Standard of care for the Health of Transexuals, Transgenders, Gender. NonConforming People (See exhibit's 17-1-113)" (WPATH) is an international, multi desciplinary, Professional association Whose mission is to promote evidence-based care, education, research, advocacy Public Policy, and respect for transgender health. (See exhibit 17-1) The Plaintiff Ms. Johnson has experinced "Gender dysphoria and till this day still Currently does. (See exhibit 17-3) What is "Gender dysphoria"? (See exhibit 17-4) The Plaintiff is and has been distressed about her sex assigned at birth. The Plaintiff Ms. Johnson has felt this way for Years. Since she was 6 or 7. Ms. Johnson's family did not approve of supporting Ms. Johnson as a Adolescents (See Exhibit's 17, 10-21) So To better cope with transgender Identity Ms. Johnson socially changed her name her Gender to "marilinmonroe morleah-mezelle Johnson" as well as her daily Apperance (See exhibits 71, 72, 73) (See also Exhibit 17-12 Phenomeno-logy Adolescents) (See also: Exhibit 17-16) Patrica Jones was and is inexperinced "Inexperinced Clinicians may mistake indications of gender dysphoria for delusions. Phenomenolog-ically, there is a qualitative differance between the presentation of gender dysphoria and the presentation of delusions or other Psychotic symptoms" (See exhibit 17-13) "To assess, diagnose and even discuss treatment of gender dysphoria, The QMHP must meet the exact requirements" (See exhibits 17-21-33) The Plaintiff meets all the criteria for Gender dysphoria. So denying the Plaintiff's HRT is Violating Plaintiffs Serious medical care rights of the eighth Amendment (See exhibits 17-1-113)

Pg. 9, IV. Statement of Claim, Claim two continued.

On 5-23-18, Plaintiff Ms. Johnson filed a RTS Pertaining to her Violations Of serious medical Care to Dr. Patrica Jones (See exhibit 18.5) as well as (exhibit 18-6) Informing Dr. Jones that interfering with Plaintiff's Prescribe treatment was Violating Plaintiff's rights. In the relief requested to be "diagnosed with the correct criteria" (See exhibits 17 1-13) as well as Ms. Johnson's HRT be reinstated. which was discontinued by Defendant Ray Larimer, Dr. sanders. (See exhibits 19-1, 19-2, 19-4, 19-5) On 6-6-18 Dr. Patrica Jones responded "You need to discuss Your diagnosis with Your primary QMHP. all medical decisions are made by medical." The Plaintiff Ms. Johnson Spoke with Ray Larimer and Davis Correctional Facility's QMHP (qualified mental health professional) Dr. Shepard on 9-17-18 (See exhibit 19.3) Ms. Shepard Said because of Ms. Jones report that the HRT had to be stopped. Ms. Johnson showed her medical records (See exhibits 81, 82, 82 Backside 83, 83 Backside, 84, 85) they said It don't matter. Ms. Johnson informed them of how long she has been undergoing treatment. they still refused to cooperate. She informed them that this violates her 8th Amendment to serious medical care. they still stood by there decision. Ms. Johnson did not like the response So she appealed with a grievance to defendant Ray Larimer C.H.S.A (correctional health services administrator.) (See exhibits 18-3, 18-4) On July 5th Ms. Johnson received a response denying her releif. alleging 3 things that's incorrect on her →

Pg. 10, IV. Statement of Claim, Claim two continued

Greivance 1. "An Answerd request to staff form addressed to the correct staff member must be attached." (See exhibit 18-1) Ms. Johnson attached the correct staff member Patricia Jones (See exhibit's 18-3, 18-4, 18-5, 18-6) 2. "You are on "Grievance restrictions" Proper documentation not included." The Oklahoma department of corrections Greivance Policy OP 090124 is specifally clear not to 'attach' any thing to the Greivance except the RTS (request to staff) Form. (See exhibit 21-8) 3. That Plaintiff did not discuss diagnoses with QMHP, when indeed indeed Plaintiff discussed with QMHP Dr. Shepard who said "the only way we can give you your HRT is if Dr. Jones Confirms you have Gender Dysphoria, I would suggest writing her." which the Plaintiff did in her RTS (See exhibit 18-5, 18-6) Ms. Johnson then appealed to the P.I.A.R.A (Personal Identity Administrative Review Authority) (See exhibit 18-7) where she was still denied the releif she was requesting. Plaintiff Ms. Johnson reached the final exhaustion requirement for the Oklahoma Department of Corrections. (See exhibit 21-12, 21-13, 21-14) Plaintiff still attempted to resolve the problem at administrative levels by requesting to speak with defendant Dr. sanders whom orderd the hormone replacement therapy to be stopped. (See exhibit 19-1, 19-2, 19-4, 19.5, 19-6, 19-7) She Greived the issue again (19-8, 19-9,) was still denied (19-20, 19-21) She appealed and was also still denied again by the medical Administrative review authority (MARA) (See exhibit 19-22) The defendants were informed by Plaintiff's that denying her Estradiol (estrogen-

Pg. ill, IV. Statement of Claim, Claim two continued

Hormonal Pills, (See exhibits 83 backside, 85, 9-1, 10-1, 11-1-18, 13, 17-33-50.) as well as decreasing and denying Ms. Johnson's Testerone blocker Spironolactone (Aldactone), (See exhibits 83 backside, 85, 92, 10-1, 11-1-18, 13, 17-33-50.) Ms. Johnson was not seen by doctor Sanders. Ms. Johnson Informed Dr. Sanders of the Physical injuries her body was enduring due to the discontinuation of her HRT, she sufferd and still does suffer from back pain, breast swelling, dreadfully dried hair, vomiting, Depression, suicidal thoughts due to her feeling "hated", "hopeless" due to her Body's Physical changes of hair growth in a masculine way erections in the morning, deeper Voice. Ms. Johnson even found a Oklahoma department of corrections "Management of Gender-Non Conforming Inmates" (See exhibit 20 1-7) Ms. Johnson is a Transgender MTF (male-to-female) whom Meets the Criteria for Gender Dysphoria. (See exhibits 71, 72, 73, 17 1-113) Ms. Johnson still attempted to resolve this administrative issue but still was not seen by defendant Dr. Sanders so that Plaintiff ~~dis~~ could discuss treatment options about her HRT with her medical records Prior to incarceration (See exhibits 19-23, 19-24, 19-25, 19-26, 19-27)

Injuries: Chemical-Imbalance, Breast Pain, Chest Pain, back Pain, Neck Pain, Depression, Vomiting, Suicidal attempts, dreadfully dried hair, My breast are Sagging and dried. I did receive Indomethacin for the Pain but all other injuries have not been resolved or even been attempted to be resolved by the defendant(s).

Relief: A Preliminary and Permanet injunction as well as A Temporary restraining order against Defendant(s) Ray Larimer, Dr. Sanders in there official capacity ordering them to reinstate Plaintiff Lamore (Monae') Johnson's HRT (Hormone replacement therapy) estradiol 2 Tab a day (4 mG) (See exhibit B) Spironolactone 2 Tab a day (200 mG) (See exhibit B) To not EVER discontinue Plaintiff HRT again. as well as Punitive, compensatory, Nominal damages as well as a declaration that the acts and omissions described here in Violated Plaintiff's rights under the constitution and laws of the united States. A jury trial on all issues triable by a Jury, Punitive damages $ 9,000, Compensatory $ 7,000, Plaintiff's cost in this suit.

Claim 3: Failure-to Protect Claim / Equal Protection

On March, 2016 Plaintiff Marquis Lashawn Porter arrived at Davis correctional Facility. Mr. Porter is not from the State of oklahoma. He is from The State of Iowa. Mr. Porter was in the State of oklahoma for 2 weeks Visiting his Aunt and was allegedly accused of Burgurlly in the first degree and was Sentenced to Department of corrections In the month of March, 2016, Mr. Porter arrived at Davis Correctional Facility from LARC (Lexington Assessment and Reception Center) Mr. Porter Joined a Gang STG (Security threat group) Rollin 60's Crip for Protection. Due to

Pg. 13, IV. Statement of Claim, Claim three;

Him not being from Oklahoma he was left alone. his Family is from The State of Iowa. He gets NO Visitation because of the long 12-hour drive. So he Vulnerably Joined a gang for Protection and Survival. Well Plaintiff Ms. Johnson arrived at Davis Correctional Facility May, 16, 2018, She worked in the Kitchen ("Chow-hall") With mr. Porter. Mr. Porter asks if Ms. Johnson was Transgender. Ms. Johnson Confirms. Mr. Porter told Ms. Johnson that he was a Gay male in the "freeworld" (Society) that he was from Zowa and that he Joined a STG to be Protected. Ms. Johnson Informed Mr. Porter that She has been incarcerated for 2 1/2 Years and that She has been to 4 other facilitys and that People have tried to Sexually abuse her at every Facility except Joseph harp Correctional Center; That Mr. Porter needed to embrace himself as who he really is a "Gay male" to not let Inmates Control his life. Mr. Porter agreed and Started hanging with Ms. Johnson at Work in the Kitchen. Well the STG didn't like Mr. Porter hanging with Ms. Johnson, So they Informed Ms. Johnson that they would 'Kill him if we find out he is a Punk." which "Punk" is a prison terminoligy for Homosexual. Mr. Porter went to Segregation for Stealing Kitchen food out of the Kitchen. (See exhibit 24-1, 24-2) Ms. Johnson was again approached by the STG Rollin 60's and was Informed that they were going to Pay Inmates to Kill mr. Porter. because he came out to them as Gay. Ms. Johnson being a Transgender and good-friend told the STG that they were "not going to do that" because mr. Porter has "a right to be whatever he wants to be."

Pg. 14, IV. Statement Of Claim, Claim 3 continued.)

and that they were a bunch of "scary bitches" for trying to Kill him all because he was Gay. They told Ms. Johnson she would be next for calling them "scary bitches". So Ms. Johnson left and refused to house. She went to Segregation housing unit (S.H.U.) She was Placed on the Same unit as Mr. Porter. She told Mr. Porter why she was down there and that she was Never going back to the "Yard" because they were going to Kill her for talking up for him. Mr. Porter agreed that the STG was serious he heard stories before. December 11th, 2018, Ms. Johnson and Mr. Porter was Placed in the same cell FD-210. Where they remained until March, 14, 2019, on March 5th the Plaintiff(s) had a P.M.I (Protective Measures Investigation) by Assistant warden Gentry, unit manager Berry, Cheif Kevin Brown, unit manager E. Martinez. (the defendant E. Martinez) the Plaintiff(s) both filled a RTS (Request to Staff) to Case Manager defendant Shanna Taylor explaining in detail what happend and why the P.M.I and Non-Associations were Necessary (See exhibits 22-1, 23-1) that was on January, 25, 2019, Ms. Taylor (the defendant) responded 2/18/19 saying she has filled out the PMI's for both Plaintiff's (See exhibits 22-1, 23-1) on March 5th, 2019 the PMI was completed and was Granted. Meanwhile defendant Shanna Taylor Informed Plaintiff(s) that she could not Place Non-Associations on Inmates at Other Facilitys. even though they are Paid to Kill the Plaintiff(s) So Plaintiff Ms. Johnson appealed the decision by A

Pg15, IV. Statement of Claim, Claim 3, Continued

Grievance. (See exhibit 22-2, 22-2 Backside) Ms. Johnson releif was granted. (See exhibit 22-3) Ms. Johnson still appealed the matter to the administrative review authority because Davis Correctional Facility is known for going back on there Greivances and claiming "You should of appealed it to D.O.C, we are a private prison." Ms. Johnson receive the ansur from the Adminastrative review authority (See exhibit 22-4) and the wardens response (See exhibit 22-5) Ms. Johnson was told to Appeal once again but she arready met the Exhaunsution requirement to file her 1983 civil rights complaint. Plaintiff Mr. Porter also Greived his RTS to his case manager (who was doing his transfer packet) Stice and to defendant Shanna Taylor whom conducted and referred the PMI Paper work (See exhibits 23-1, 23-2, 23-12, 23-13, 23-14,) He did not appeal his Greivance to the Adminastrative Review authority (See exhibits 23-16, 23-17) However Ms. Johnson did include Mr. Porter in her RTS, Greivance, Appeal. So the "Situation" itself was exhausted. (See exhibits 22-2, 22-2 Backside,) On 3-16-19, The Plaintiff(s) were horseplaying in the cell. Ms. Johnson hit her nose on the bunk bed, she begin bleeding severally. Mr. Porter and Ms. Johnson Banged on the door to get immediate help. C/O Dillenger was working the Pod that day. Ms. Johnson was asked what happend. She told them she hit her nose on the bunk. They took Plaintiff Ms. Johnson to medical where she told them

Pg. 16, IV. Statement Of Claim, Claim 3 Continued.

the Same. C/O Prince told the Nurse that Ms. Johnson and her Celly had a fight. Ms. Johnson Informed the Nurse that C/O Prince was just a "escort" to escort her to medical. he had no Factual Knowledge Of the incident. the nurse typed on the computer and said that was "all She needed." C/O Prince said that we "are both LGBTQ IP family So they're sticking to gather." Ms. Johnson told C/O Prince "we did not fight." Ms. Johnson was talking back to FD-210 (The Plaintiff(s) Cell) Ms. Johnson was asked if it was okay to house MR. Porter back in the Cell because everybody said they would kill him if he was "put in there Cells". Ms. Johnson Informed the officers that Her and Mr. Porter never fought and that of course Mr. Porter could come back into there cell. On March 14, 2019 the Plaintiff(s) received a misconduct report alleging they had a fight. Both Plaintiff(s) assured the hearing officer that there was no fight. the hearing officer "Key" and defendant Ernesto martinez threatened the Plaintiffs that if they did not Plead guilty they would not only seperate them but take away there PMI (See exhibits 22-3, 22-4) where they would be harmed by Inmates that are Paid to kill them. Plaintiff Ms. Johnson Plead guilty due to her being in fear of her life and being coerced by the defendant Ernesto Martinez and hearing officer "Key". Plaintiff porter did not Plead guilty and was moved from FD-210. Ernesto martinez was infaritated at Plaintiff Porter and Placed a Gang member in his Cell FC-107 where Inmate Porter was physically assaulted due to Ernesto martinez deliberate indifferance and Personal Haterd towards LGBTQIP People.

Pg 8 17. IV. ~~Cause of action~~ Statement of claim/claim continued

So Plaintiff Porter filed a RTS (Exhibit 23-5, 23-6) On the date of the assault, Plaintiff Informed defendant C/o Burton that he had a P.O.I and that he has a hit on him. The plaintiff Mr. Porter begged C/O Burton to Remove Inmate Devin Harris from his cell. But Defendant Correctional officer (C/O) Burton said he had to follow orders that defendant SGT Que said the only way out the cell was if Mr. Porter and Mr. Harris fought it out. So Mr. Harris Assaulted Mr. Porter. Pictures So Mr. Harris Assaulted Mr. Porter. Medical was Informed and Mr. Porter was talking, Medical was Informed and Mr. Porter had Knots, Bruises on his Head and Face. Due to Mr. Porter being assaulted because of defendant Mr. Ernest Martinez deliberate indifference. Plaintiff Mr. Porter Requested to be Placed back in the cell with Plaintiff Ms. Johnson were he was safe and defendant Ernesto Martinez denied him once again. So Plaintiff filed an Grievance to the Warden (See exhibits 23-7, 23-8) The warden denied this Grievance and returned it unanswered because the the Plaintiff MR. Porter requested Punitive and Nominal Damages. (See exhibits 23-9, 23-10) Plaintiff Mr. Porter Appealed the Decision to the Administrative review authority (See exhibit 23-11-1) where they Informed him that he would receive a amended response from the reviewing authority. (warden) On 6-21-19 Plaintiff received the response from the warden. (See exhibit 23-11-2) Plaintiff Mr. Porter appealed the denied response and awaits the ARA response. Due to Mr. Porter

Pg 18, IV, Statements of Claim, Claim 3 Continued)

Informing Officials through the Exhaustion procedure is 100% fact that the defendant(s), Shanna Tallor, Ernesto Martinez, SGT Que, Correctional officer Burton All Knew that both Plaintiff(s) were a Substantial risk of safety, that they were both targeted by an STG. This Substantial risk of saftey was disregared. and as a result this still contines on. on 6-24-19 a Inmate Rossco craig (a bisexual male) whom notified defendant(s) Ernesto Martinez, Shanna Tallor verbally was murdered by the same cell mate he told them he couldn't house with a week prior to his death. Ernesto Martinez told Inmate Rossco craig that if he didn't house with Inmate Price that he would issue him a misconduct and as a result Rossco craig was murdered. The Public Interest will not be Disserved by a grant of a Preliminary and Permanet Injunction. As a result of the defendant(s) deliberate indifference Mr. Porter was assaulted and a Inmate was killed, murdred, by a affilliated gang member. whom was the blame?, the defendant Ernesto Martinez. LGBTQIP Inmates should ONLY Live with other LGBTQIP Inmates. But as Mr. Ernesto Martinez told both Plaintiff(s) "I don't Protect bitchs and fags."; "This is Prison Learn how to fuck or fight.", "I'm not Your Baby sitter!", "You do the hard crimes You do the hard times."

Pg 19, IV. Statement of claim, Claim 3 Continued

Ernesto martinez has retaliated by ordering that the Plaintiff(s) get misconducts for Refusing cell mates (See exhibits 23-18, 23-19, 23-20, 23-21, 23-22 23-23, 23-24) as well as (exhibit 25-1) This situation is still on going. (See Declarations by both Plaintiff(s)) (See exhibit 23-25, 23-26, 23-27, 23-28 23-29, 23-30, 23-31, 23-32, 23-33, 23-34.)

Injuries: Plaintiff Porter was assaulted and had several Injuries, he had lumps (knots) bruises on his face and head, his dermal Peircing bleed and became infected and swells, he received No Medical attenion for his injuries.

Relief: Enter Preliminary and Permanet Injunctions ordering defendant(s) Ernesto martinez, Shanna Tayllor their successors, agents, employees and all Persons acting in concert with them to Protect Plaintiff(s) From hostile gang members and other Known enemies; implent an adequate Classification system, Segregating dangerous Inmates from LGBTQIP Inmates; Place Plaintiff(s) at a LGBTQIP Friendly enviorment; Remove Staff initiated Seperations from both Plaintiff(s) Due to defendant Ernesto martinez being discriminating to Plaintiff(s) and retaliating to Seperate Plaintiff(s) because of lawsuit. Nominal damages, Punitive Damages $11,000 to each defendant, Compensatory damages $6,000 to each defendant Ernesto martinez Correctional officer Burton, SGT Q, Jointly severally. Jury trial by all issues triable by a Jury. as well as a declaration that the acts and omissions herein above Violated Plaintiff(s) rights.

Pg 20 IV. Statement of claim, claim 3 continued.

under the constitution and laws of the united states.

[scribbled out]

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Davis Correctional Facility

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Medical-Inadequate, Property-Deprived, Discrimination-equal Protection
Failure-to-Protect Claim, Denial of medical,

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [ ] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance?

   Davis Correctional Facility

2. What did you claim in your grievance?

   (See attached)

3. What was the result, if any?

   (See attached)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   (See attached)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

- [ ] Yes
- [x] No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Does not apply. N/A

   Defendant(s) ______

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______

3. Docket or index number

   ______

4. Name of Judge assigned to your case

   ______

5. Approximate date of filing lawsuit

   ______

6. Is the case still pending?

   - [ ] Yes
   - [ ] No

   If no, give the approximate date of disposition. ______

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Does not apply. N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

Does not apply. N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Does not apply. N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(See attached)

These attempts have been made to comply with

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pg 22 VII. Exhausation of Administrative Remedies
Administritive Procedures

G. Please set forth any additonal information that is relevant to the exhausation of your administrative Remedies.

Answer?: These attempts have been fully made to comply with the Administritive Procedures. returning Greivances unanswered is a way of giving "inmates the run-around." to delay legal action and to get a remedy and to "stall" so that the statue of limitations for a "Greivance" is "Ran out-of-time" which is set forth in the Greivance procedure for the Oklahoma department of Correetions. as well as if the inmates receive a certain amount of these "unanswerd Greivances" a restriction shall be imposed. which the restriction contradicts the Greivance Procedure itself.

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Lamone M Johnson,

   Defendant(s) John Whetsel, et, al

2. Court *(if federal court, name the district; if state court, name the county and State)*

   United States District court for the western District Oklahoma

3. Docket or index number

   CIV-17-1312-R

4. Name of Judge assigned to your case

   David L. RUSSELL

5. Approximate date of filing lawsuit

   December 6th, 2017

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition JULY, 2018

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Case was dismissed. due to statute of limitations

Pg 3 of 3 VIII. Previous Lawsuits

D.

1. Parties to Previous Lawsuit:
Plaintiff(s): Lamone M. Johnson,
Defendant(s): Deputy warden John Doe#1

2. Court: united states District Court
For the western District of oklahoma.

3. Docket or index number: CIV-18-69-M

4. Name of Judge assigned to Your case:
GARY M. Purcell

5. Approximate date of filing: Jan, 29, 2018

6. Is this case still Pending? NO, date of disposition:
Feb or march 2018.

7. failure to Pay payment of filing Fee
dismissed without Prejudice.

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7-4-2019

Signature of Plaintiff: Lamore Johnson
Printed Name of Plaintiff: Lamone M. Johnson
Prison Identification #: 744047
Prison Address: DCCF / FD-210, 6888 E. 133rd Rd.
Holdenville, OK 74848
City, State, Zip Code

### B. For Attorneys

Date of signing: ______

Signature of Attorney: ______
Printed Name of Attorney: ______
Bar Number: ______
Name of Law Firm: ______
Address: ______

City, State, Zip Code

Telephone Number: ______
E-mail Address: ______