# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMONE MORLEE JOHNSON and<br>MARQUIS LASHAUN PORTER,<br><br>         Plaintiffs,<br><br>v.<br><br>DR. SANDERS, RAY LARIMORE,<br>ENESTO MARTINEZ, SHANNA<br>TAYOR, SGT. Q, CORRECTIONAL<br>OFFICER BURTON, and<br>SGT. MORRISON,<br><br>         Defendants. | No. CIV-19-269-JHP-SPS |

## OPINION AND ORDER

Plaintiffs Lamone Morlee Johnson and Marquis Lashaun Porter, both pro se prisoners in the custody of the Oklahoma Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983 (Dkt. 1). They seek relief for alleged constitutional violations occurring during their incarceration at Davis Correctional Facility ("DCF"), a private prison in Holdenville, Oklahoma. The defendants are seven DCF employees: Dr. Sanders, Ray Larimore, E. Martinez, Shanna Taylor, Sgt. Q, Correctional Officer Burton, and Sgt. Morrison. As discussed below, Plaintiffs may not proceed as joint plaintiffs in this action, and each plaintiff must file a separate amended civil rights complaint.

**Background**

Plaintiff Johnson is a preoperative transgender (male to female) with gender identity disorder. Johnson complains of the denial of appropriate medical care and personal items

at DCF. Plaintiff Porter alleges he is a gay male who joined the STG gang for protection when he arrived at DCF. Porter asserts he received death threats from other gang members after admitting he is gay. When Johnson defended Porter, Johnson also was threatened. Plaintiffs also claim the defendants have failed to protect them and have retaliated against them.

**Separate Actions**

In *Cremer v. Conover*, No. 09-3200-SAC, 2009 WL 3241583, at *1 (D. Kan. Oct. 1, 2009) (unpublished), the court addressed similar circumstances to those in this case, with two prisoners filing a civil rights action as co-plaintiffs. The *Cremer* court severed the claims of the co-plaintiffs and opened a new case for the second plaintiff. *Id.*, slip op. at *1.

This Court has determined it will follow the procedures in *Cremer*, therefore, the claims of Plaintiff Johnson and Plaintiff Porter are hereby severed. *See Smith v. Corr. Med. Servs.*, No. CV-11-1085, slip op. at *2 (D. N.M. June 21, 2012) (approving the ruling in *Cremer*). This case shall remain assigned to Plaintiff Johnson, and the Court Clerk is directed to open a separate case for Plaintiff Porter. Each plaintiff must file a separate amended complaint setting forth their individual claims, in accordance with the instructions below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

2

28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not

relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiffs must file separate amended complaints on the Court's form. **The amended complaints must set forth the full name of each person being sued under 42 U.S.C. § 1983.** *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). **Further, the names in the caption of the amended complaint must be identical**

4

**to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).** Plaintiffs are responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

**Each Plaintiff must provide on the amended complaint form a short and plain statement of when and how each named defendant violated the plaintiff's constitutional rights and showing the plaintiff is entitled to relief from each named defendant.** *See* Fed. R. Civ. P. 8(a). Each plaintiff also shall identify a specific constitutional basis for each claim. *See id.* Plaintiffs are admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. A plaintiff must go further and state how the named defendant's personal participation violated the plaintiff's constitutional rights. Furthermore, the Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court. **It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits.** *See* Local Civil Rule 9.2(c). An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also*

5

Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The Court Clerk is directed to send Plaintiffs the proper forms for filing an amended complaint. Failure to comply with this Order will result in dismissal for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,**

1. This action is severed such that each plaintiff shall proceed as the sole plaintiff in a separate case.

2. The Court Clerk's Office is directed to open a new case with Plaintiff Porter as the sole plaintiff and with copies of all pleadings, including this Order, filed in the new case.

3. Plaintiffs Johnson and Porter each shall file within twenty-one (21) days an amended complaint setting forth their separate, individual claims in their respective amended complaints. The amended complaints must comply with the instructions set forth in this Order.

4. The Court Clerk shall send each plaintiff a form for filing an amended complaint.

5. Failure to comply with this Order will result in dismissal of the claims by the non-complying plaintiff(s).

**IT IS SO ORDERED** this 16th day of August 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma