IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMONE JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. SANDERS, et al.,<br><br>    Defendants. | Case No. CIV-19-269-JHP-SPS |

REPORT OF REVIEW OF FACTUAL BASIS OF CLAIMS
ASSERTED IN CIVIL RIGHTS COMPLAINT
<u>PURSUANT TO 42 U.S.C. SECTION 1983</u>

  COMES NOW Darrell L. Moore, Attorney for Defendants, and hereby certifies as follows:

- I have received the attached Court Ordered Special Report;
- I have electronically filed the same with this Court; and,
- I have provided the Plaintiff a copy of such report as shown in my Certificate of Service, attached to the end of this document.

              Respectfully submitted,
              Defendants

              */s/ Darrell L. Moore*
              DARRELL L. MOORE, OBA #6332
              By: DARRELL L. MOORE, OBA 6332
              COURT PLACE AT NORTH VANN
              P.O. BOX 368
              PRYOR, OK  74362
              (918) 825-0332
              (918) 825-7730 fax
              Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LAMONE JOHNSON,** | |
| **Plaintiff,** | |
| vs. | Case No. CIV-19-269-JHP-SPS |
| **DR. SANDERS, et al.,** | |
| **Defendants.** | |

## REPORT OF REVIEW OF FACTUAL BASIS OF CLAIMS ASSERTED IN CIVIL RIGHTS COMPLAINT <u>PURSUANT TO 42 U.S.C. SECTION 1983</u>

COME NOW the officials in charge of Davis Correctional Facility ("DCF") and in accordance with the Order issued by the Court on October 16, 2019 directing the preparation of a Special Report do submit herein a written report of review of the subject matter of the complaint filed by inmate Johnson in the above styled action. A review was made of the above styled case and the following was ascertained and determined:

### INITIAL STATEMENT

Plaintiff Lamone Johnson, ODOC# 744047, appears pro se. Plaintiff Johnson is an inmate in the custody of the Oklahoma Department of Corrections, who is currently housed at the Oklahoma State Penitentiary. At all times relevant to the allegations contained in his lawsuit Plaintiff Johnson was housed at Davis Correctional Facility, Holdenville, Oklahoma pursuant to a contract between Corrections Corporation of America, Inc., (CCA) and the Oklahoma Department of Corrections. CCA owns and operates the Davis Correctional Facility. Defendants Sanders, Larimer, Martinez, Morrison and Taylor were at all times relevant to Plaintiff Johnson's allegations employees of CCA at the Davis Correctional Facility. Defendant Sanders is the facility physician at Davis Correctional Facility. Defendant Larimer is the facility

Health Services Administrator.  Defendant Martinez is a Unit Manager.  Defendant Morrison is a property officer, and Defendant Taylor is a Case Manager.

Plaintiff Johnson filed his Complaint with this Court on August 14, 2019 asserting allegations of property deprivation and deliberate indifference to his serious medical needs.

## ALLEGATIONS MADE BY PLAINTIFF JOHNSON

**Count I:** **That Defendants deprived the Plaintiff of due process rights in violation of the Fourteenth Amendment.**

In support of this allegation, Plaintiff Johnson claims to be a transgender individual who arrived at Davis Correctional Facility (DCF) from Dick Conner Correctional Center (DCCC), had been allowed to purchase cosmetics while at Dick Conner and that the cosmetics had been confiscated upon his arrival at Davis Correctional Facility and ultimately destroyed .

**Count II:** **That Defendants were deliberately indifferent to serious medical needs in violation of the Eighth Amendment.**

In support of these allegations, Plaintiff Johnson claims to be transgender, was on Hormone Replacement Therapy (HRT) when shipped to DCF, was told that Dr. Patricia Jones determined Plaintiff did not meet criteria for Gender Dysphoria and that they (Defendants Larimer and Sanders) would be ceasing the Plaintiff's therapy.

**Count III:** **That Defendants retaliated against Offender Johnson in violation of the First Amendment.**

In support of these allegations, Plaintiff Johnson claims that Defendants retaliated against the Plaintiff for filing grievances by holding Plaintiff at Davis Correctional Facility where there are inmates who are paid to kill Plaintiff as well as by issuing false misconducts.

> **Count IV:** That Defendants discriminated against Offender Johnson in violation of the Equal Protection Clause in the Fourteenth Amendment.

In support of these allegations, Plaintiff Johnson claims that Defendant Martinez discriminated against the Plaintiff for being a part of the LGBTQIP community by placing non-associations in Plaintiff's file against inmate Porter.

## INVESTIGATION

At all times relevant to this lawsuit and these Defendants, Plaintiff Johnson was housed by the Oklahoma Department of Corrections at the Davis Correctional Facility, in Holdenville, Oklahoma. For purposes of completing this report, the undersigned spoke with appropriate staff members at Davis Correctional Facility to include staff associated with the Property Office, Health Services Administrator, medical staff and the facility's Grievance Coordinator. The undersigned has collected records from Davis Correctional Facility to include: Property Records, Medical Records and Grievance Records.

Johnson arrived at Davis Correctional Facility on or about May 16, 2018. According to the property records maintained by DCF, Johnson arrived with three items of cosmetics (make-up) that according to DOC policy, OP-030120 could be maintained only by female offenders. The property officer issued a notice to Johnson on May 16, 2018 regarding the disallowed items. Johnson did initially refuse to sign the notice but on August 6, 2018 did sign the notice and state that he wanted those items donated. *See* Exhibit 1, Property sheet and Policy OP-030120. If Johnson had disagreed with that decision, then he should have submitted a property claim to the property officer. Johnson did not do so, and therefore did not exhaust this claim. *See* Affidavit of Terry Underwood attached hereto as Exhibit 2.

Johnson filed his action with this Court on August 14, 2019.  The allegations made by Mr. Johnson related to his medical care appear to begin just prior to his arrival at Davis Correctional Facility in May of 2018.

Plaintiff's medical records from this applicable time period show the following:

| Date | Record |
|---|---|
| 03/26/18 | **EHR messaging with Patricia Jones, PhD** (Record by: Bethany Wagener PA-C at Dick Conner Correctional Center)<br>From myself to Dr. Morgan and Dr. Jones: I just saw Johnson (744047) whom claims Dr. Jones DID see her and DID Indicate she has GD and that is why Dr. Moore initiated Estrogen ... None of this in the chart however ... (except the order for Estrogan/Aldactone).  I am just going to chart and co-sign you and Dr. Jones with these patients and will not adjust any meds or order any undergarments until a note from Dr. Jones is in pt's charts. **Exhibit 4, Pg. 1.** |
| 04/24/18 | Response from Dr. Jones: Just FYI - although this inmate Lamone Johnson is on my list, I have NOT evaluated Lamone Johnson at this time. This inmate has not even been seen by me for a preliminary evaluation. The statement by Lamone Johnson that I have seen Lamone Johnson is untrue. **Exhibit 4, Pg. 1.** |
| 05/01/18 | **Confidential Psychological Report of Patricia L. Jones, Psy.D. Staff Psychologist, Oklahoma Department of Corrections**<br>Due to the confidential nature of the psychological report, the report is filed under seal. **Exhibit 4, Pg. 2-9.** |
| 05/14/18 | **Medical Transfer Summary - Transferring Facility –** Dick Conner Correctional Center to Davis Correctional Facility **Exhibit 4, Pg. 10-12.** |
| 05/16/18 | **Mental Health Record Review for New Facility Transfers** By: Victoria Shepherd, MEd, LPC, LADC **Exhibit 4, Pg. 13.** |
| 05/17/18 | **New Intake PE / HCV Chronic Clinic / Routine Physical** By: Victoria Shepherd, MEd, LPC, LADC **Exhibit 4, Pg. 14-22.** |
| 05/23/18 | **Dr. Sanders Consultation with Mental Health and Orders**<br>Due to the confidential nature of the medical records and reports reviewed, the Physician's notes are filed under seal. **Exhibit 4, Pg. 23-30.** |

| | |
|---|---|
| 05/23/18 | **Request for Health Services**<br>Plaintiff seeks copy of Dr. Jones' Report<br>Response: Referred to medical records.<br>**Exhibit 4, Pg. 31.** |
| 07/10/18 | **Offender Notification from Dr. Sanders**<br>Plaintiff does not currently meet criteria for hepatitis treatment or HRT.<br>**Exhibit 4, Pg. 32.** |
| 02/24/19 | **Request for Health Services**<br>Plaintiff wants to be re-evaluated by Dr. Jones<br>Response: HSA will look into this.<br>**Exhibit 4, Pg. 33.** |
| 02/24/19 | **Request for Health Services**<br>Plaintiff wants to speak to Mental Health.<br>Response: Referred to Mental Health.<br>**Exhibit 4, Pg. 34.** |
| 06/06/19 | **Request for Health Services**<br>Plaintiff wants to speak to Dr. Sanders.<br>Response: Referred to Mental Health.<br>**Exhibit 4, Pg. 35.** |

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections and is subject to the medical policies promulgated by the Oklahoma Department of Corrections. Oklahoma DOC OP-140147, Exhibit 5, is titled "Management of Gender Nonconforming Inmates." That policy states, in part, as follows:

> C. Hormonal Treatment (1) 1. Hormonal treatment of inmates with Gender Dysphoria <u>may be undertaken only after all the following occurs</u>:
>
> > a. Diagnosis of Gender Dysphoria has been confirmed by a qualified mental health professional appointed by the Chief Mental Health Officer based on the diagnostic criteria of the most current version of the Diagnostic and Statistical Manual of Mental Disorders.
> > b. A "Female to Male Hormonal Therapy Risk and Information Form" (Attachment B, attached) or "Male to Female Hormonal Therapy Risk and Information Form" (Attachment A, attached) is read, signed by the inmate and scanned into the inmate's electronic health record.

The Plaintiff's medical records shows he did not meet the criteria established by the Oklahoma Department of Corrections while he was confined at Davis Correctional Facility.

Plaintiff was evaluated by the designated Oklahoma DOC Mental Health Professional, Dr. Patricia Jones, prior to being placed for confinement at Davis Correctional Facility.

Regarding Johnson's allegations that he was discriminated against and retaliated against by unit staff including by Unit Manager Ernesto Martinez, Johnson did not file any grievances related to these allegations. According to Unit Manager Martinez, he did not discriminate against the Plaintiff; instead, Martinez put in separation papers related to an offender that the Plaintiff had been fighting with. Later, Plaintiff did change his story – he and Porter had not been fighting, they had simply been engaged in horse play. Unit Manager Martinez has denied any allegation of discrimination. *See* affidavit of Unit Manager Martinez attached hereto as Exhibit 6. Additionally, both the Unit Manager and the Grievance Coordinator have stated that grievances are treated as private correspondence and as such, Unit Manager Martinez would not have had any awareness of Johnson's grievance filings and the content thereof. *See* Affidavits of Terry Underwood (Exhibit 2) and Ernesto Martinez (Exhibit 6).

## ADMINISTRATIVE REMEDIES

An administrative remedies grievance policy is available for inmate use at Davis Correctional Facility. As set forth above, Davis Correctional Facility is a private prison contracted with the Oklahoma Department of Corrections for the housing of DOC inmates. Administrative remedies are available to inmates at Davis Correctional Facility. Davis Correctional Facility follows the Oklahoma DOC administrative remedies policy, DOC OP-090124, attached hereto as Exhibit 7.

The Oklahoma DOC administrative remedies policy first requires an inmate to attempt to resolve any issue through informal resolution. This is done by the inmate submitting a Request to Staff to the appropriate staff member. If the inmate is not satisfied with the response from the

staff member, he must then file a formal grievance, attaching to the grievance the Request to Staff with the response from the staff member.

Should the Plaintiff remain unsatisfied following the filing of the grievance, and the grievance response, the final step directs an inmate to appeal the matter to the Oklahoma DOC's Administrative Review Authority and/or Chief Medical Officer. The ruling of the administrative review authority or chief medical officer is final and concludes the administrative remedy process for inmates within the jurisdiction of the Oklahoma Department of Corrections. Only then will an Oklahoma DOC inmate have satisfied the exhaustion of internal administrative remedies required by Oklahoma Statute, 57 O.S. § 564. *See* Exhibit 7, DOC OP-090124, ¶VII, Appeal Process and Procedure.

**Plaintiff Johnson's use of the Administrative Remedies Process:**

Plaintiff Johnson's Grievance Records are attached hereto as Exhibit 7. Mr. Johnson filed the following grievances:

**Grievance No. 2018-160**

Johnson submitted a Request to Staff (RTS) on or about May 22, 2018 to Ray Larimer, the Health Services Administrator asking that his undergarments and cosmetics be approved. That request was responded to on June 4, 2018 by Mr. Larimer noting that Johnson had not been approved for the request. Johnson submitted Grievance No. 2018-160 on June 22, 2018. Under action requested, Johnson wanted to be reimbursed the value of the items. The grievance was returned unanswered on June 26, 2018 noting that property issues are not grievable to Oklahoma DOC and must be submitted as outlined in policy 14-6. Plaintiff appealed that decision to the Oklahoma Department of Corrections Administrative Review Authority. The appeal was returned unanswered on July 24, 2018 noting that the appeal was received out of time. *See* Exhibit 8, Pages 1-8.

**Grievance No. 2018-166**

Johnson submitted Grievance No. 2018-166, with an RTS from June 6, 2018 that had been submitted to and responded to by staff at an Oklahoma DOC facility. That RTS dealt with a request to be diagnosed with the criteria of gender dysphoria and reinstate hormone treatment. Grievance 2018-166 was submitted on July 5, 2018 and under action requested, Johnson asked to be diagnosed with the correct criteria of Gender Dysphoria and reinstate hormone therapy. That grievance was returned unanswered on July 5, 2018 noting that the grievance must include an

answered RTS from staff at Davis Correctional Facility. Johnson was additionally told to discuss his diagnosis with his primary QMHP, and it was noted that had not been done. Johnson was told to address the issue with Medical. And finally, Johnson was on grievance restriction and had not included the proper documentation. Johnson appealed that decision to the Oklahoma Department of Corrections Administrative Review Authority. The appeal was returned unanswered on July 24, 2018, noting: (1) Inmate on Grievance Restriction and did not include proper documentation; (2) Offender Johnson had failed to follow previous instructions and was now out of time; and (3) the ARA office will not process incomplete/outdated appeal forms. *See* Exhibit 8, Pages 9-15.

**Grievance No. 2018-179**

Johnson submitted an RTS on or about July 1, 2018 to Ray Larimer, the Health Services Administrator, asking for "Derma Daily with Aloe Vera." That request was responded to on July 5, 2018 by Mr. Larimer noting that Johnson had no medical need for the product and could purchase lotion from the commissary. Johnson submitted Grievance No. 2018-179 on this issue on July 27, 2018. Under action requested, Johnson asked that the prescribed treatment be reordered and continue to provide treatment. That grievance was returned unanswered on July 27, 2018 noting that the grievance was not specific as to the date/time, but it appeared he was out of time and finally that he was on grievance restriction and he had not included the proper documentation. Johnson did not appeal that decision to the Oklahoma Department of Corrections Administrative Review Authority. *See* Exhibit 8, Pages 16-21.

**Grievance No. 2019-38**

Johnson submitted an RTS on or about January 2, 2019 to Ray Larimer, the Health Services Administrator asking to be properly examined by a doctor related to a lump in his anal area. That request was responded to on January 7, 2019 by Mr. Larimer noting that Johnson had not submitted a request for Health Services and needed to do so. Johnson submitted Grievance No. 2019-38 on January 16, 2019. Under action requested, Johnson asked to be reimbursed the co-pay or have an appointment set with the doctor for exam. That grievance was answered on February 1, 2019 noting that Johnson said on December 31, 2018 that he received inadequate medical care and wanted to be seen by a doctor. After an investigation of the matter by Ray Larimer, Health Services Administrator, Johnson was the facility provider and the relief was granted. *See* Exhibit 8, Pages 22-26.

**Grievance No. 2019-46**

Johnson submitted an RTS on or about January 4, 2019 to the facility Laundry asking listed state clothing to be replaced and that a laundry bag be provided. That request was responded to on January 17, 2019. Johnson submitted Grievance No. 2019-38 on January 16, 2019. The action requested was that state issued clothing be replaced. That grievance was returned unanswered on January 30, 2019 noting that property issues are not grievable to ODOC and must be submitted as outlined in policy 14-6. Johnson did not appeal that decision to the Oklahoma Department of Corrections Administrative Review Authority. *See* Exhibit 8, Pages 27-32.

**Grievance No. 2019-102**

Johnson submitted an RTS on or about February 1, 2019 to Case Manager Taylor asking to place non-associations on certain listed inmates. That request was responded to on February 18, 2019 noting that a PMI (Protective Measure Investigation) had been completed. Johnson submitted Grievance No. 2019-102 on February 26, 2019. The action requested was to place non-associations on 11 inmates listed. That grievance was answered on February 26, 2019 noting that Johnson requested that all 11 inmates he listed on his PMI have non-associations placed on them. After an investigation of the matter by Shanna Taylor, Case Manager, she will place non-associations on all the inmates he listed on his PMI, therefore his relief was granted. Offender Johnson appealed that decision to the Oklahoma Department of Corrections Administrative Review Authority. Upon review of the appeal, the DOC Administrative Review Authority instructed DCF Review Authority to further investigate and to issue an amended response. On June 12, 2019 the following amended response was issued: Decision: AMENDED RESPONSE: Inmate Johnson requested that all 11 inmates he listed on his PMI have non-associations placed on them. After further investigation of the matter by Shanna Taylor, Case Manager it was determined that non-associations have been completed on ten of the inmates listed. Inmate Kevin Hill will require further investigation. Inmate Johnson will have to provide additional information for a non-association to be filed on I/M Kevin Hill. Inmate Johnson's RELIEF IS PARTIALLY GRANTED. Offender Johnson did not further appeal that decision. *See* Exhibit 8, Pages 33-38.

**Grievance No. 2019-273**

Johnson submitted an RTS on or about June 18, 2019 to Dr. Sanders asking the doctor to reinstate HRT (Hormone Replacement Therapy). That request was responded to on July 2, 2019 noting that during a psychologist evaluation Johnson did not meet the criteria for HRT. The response further noted that an offender notification was sent on July 10, 2018 per Dr. Sanders. Johnson submitted Grievance No. 2019-273 on July 8, 2019. Action requested was that HRT be re-instated and that the correct criteria be used in a re-diagnosis. That grievance was answered on July 16, 2019 noting that on June 6, 2019 Johnson sent a request to health services requesting to meet with Dr. Sanders regarding why HRT (hormone replacement therapy) was stopped. After further review of the matter, Ray Larimer, Health Services Administrator replied that Johnson was evaluated by a DOC psychologist and did not meet the criteria for therapy and that notification was sent to the inmate on July 10, 2018 therefore relief was denied. Offender Johnson appealed that decision to the Oklahoma Department of Corrections Medical Services Review Authority. That Appeal was answered on September 4, 2019 and relief was denied. *See* Exhibit 8, Pages 39-47.

**Grievance No. 2019-292**

Johnson submitted an RTS on July 1, 2019 to Warden Yates regarding the housing of LGBTQIP offenders and asking to be celled with inmate Marquis Porter. The RTS was responded to by facility Investigator Garrison stating that an incident between Johnson and Porter was being investigated and that horseplay is not allowed. Johnson filed Grievance No. 2019-292 on July 23, 2019. The action requested was that an LGBTQIP inmate's safety be given serious consideration, that the facility screen all inmates for LGBTQIP status, and that the facility create a questionnaire for LGBTQIP inmates. The grievance was returned unanswered on July 31, 2019 noting that the RTS issue was not consistent with the Grievance and that only one issue per grievance is permitted. Plaintiff was provided 10 days to correct and resubmit. Plaintiff resubmitted Grievance No. 2019-292 on August 19, 2019. The action requested was essentially the same as had been earlier submitted. That resubmitted grievance was returned unanswered on August 19, 2019 noting that the RTS was still inconsistent with the resubmitted grievance and that due to his continued failure to properly submit, he was now out of time. Plaintiff appealed the decision to the Oklahoma Department of Corrections Administrative Review Authority. That appeal was returned unanswered on September 26, 2019 noting: (1) More than one issue and relief requested is not consistent from RTS to Grievance; and (2) Offender failed to follow instructions and was now out of time. *See* Exhibit 6, Pages 48-57.

## ACTION TAKEN OR RECOMMENDED

No further action is recommended at this time from the Davis Correctional Facility. It appears from the available records that the requested Hormone Replacement Therapy was denied by the Oklahoma Department of Corrections prior to Johnson's arrival at Davis Correctional Facility. One of the submitted grievances, 2019-273, was pursued through to administrative exhaustion. No other claim was first exhausted as to administrative remedies.

## OTHER CASES PENDING

None by Plaintiff of which the undersigned is aware.

Respectfully submitted,

Johanna Oglesby, CP
Special Report Coordinator for
DCF/CCA

Page | 11

STATE OF OKLAHOMA )
) SS:
COUNTY OF MAYES )

Before me, the undersigned authority, personally appeared the Affiant herein, who after being duly sworn on oath, deposed and stated as follows:

1. My name is Johnanna Oglesby. I am over the age of twenty-one years and am otherwise competent to testify in this matter.

2. I am a Certified Paralegal. I am the Special Report Coordinator for Corrections Corporation of America and Davis Correctional Facility.

3. Pursuant to this Court's Order, and at the request of the Administration of Davis Correctional Facility, Holdenville, Oklahoma, I have prepared the foregoing special report in the case of <u>Johnson vs. Sanders, et. al.</u>, in the United States District Court for the Eastern District of Oklahoma, CIV-19-269-JHP-SPS.

4. The information set forth therein is true, complete, and correct to the best of my knowledge, information and belief.

Further affiant sayeth naught.

_____
JOHNANNA OGLESBY

Subscribed and sworn to before me this 20th day of January 2020, by Johnanna Oglesby.

_____
NOTARY PUBLIC

My commission expires: 6/25/2022
My commission number: 02010855

## *Certificate of Service*

I hereby certify that on January 28, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

☑ I hereby certify that on January 28, 2020, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

Lamone Johnson, DOC #744047
Oklahoma State Penitentiary
P.O. Box 97
McAlester, OK 74502-0097

DARRELL L. MOORE