FILED

DEC -7 2020

PATRICK KEANEY
Clerk, U.S District Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Lamone M. Johnson Plaintiff's, v. Dr. Sanders, et. al. Defendants, | MOTION FOR AN ORDER COMPELLING DISCOVERY CIV-19-269-JFH-SPS |

Plaintiff's moves this court for an order pursuant to Fed. R. Civ. P. Rule 37(a),(3) compelling Defendant Ernesto Martinez to answer fully interrogatories Numbers 4, 5, 7, 9, 13, 14. the answers given were "Evasive, incomplete disclosures" which pursuant to Fed. R. Civ. P. Rule 37(3) "is to be treated as a failure to dysclose, Answer, or respond." the defendant repeatedly "objected" on the grounds of relevance. Plaintiff is entitled to NON-Privilyed information That is "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. Rule 26(b)(1). The defendant Martinez claims in his answer (Doc# 32) that Plaintiff was not in any "real danger." That however is False, because the defendant "claims" that, the Plaintiff has a right to anything which is anyway "relevant" to any party's

Pg. 1

Claim or defense. Other inmates in the kitchen working could've heard these threats being made, to testify or swear on a sworn Affidavit that Plaintiff was in fact in danger. Furthermore Defendant Martinez Constantly contradicts himself, in his Answer (See Doc #32) he states Plaintiff was "not in any real danger", but in his interrogatory response #8 he states "During segregation reviews, a determination is made to return the inmate to general population or conduct a Protective measures investigation." On 3-5-2019, Plaintiff attended a segregation review and Protective measures were found substantial and issued to protect her from harm, which the defendant attended. (See the defendants response to interrogatory #5) So to say Plaintiff was "not in any real danger" concludes that his so called "23 years of experience" is really no experience at all. With all due respect the defendant's are blowing smoke and smoking leads to cancer. Yes, even second hand smoke. This objection should be overruled. Again Plaintiff is entitled to "relevant" information (See Fed. R. Civ. P. 26(b)(1).) Plaintiff wishes to depose staff members and subpoena as well to testify as witnesses any "relevant" information

Pg. 2

on the Claims, that the defendant Martinez "alleges" happend.

WHEREFORE, asks this honorable Court to Compel the defendant with an order Pursuant to Fed. R. Civ. P. 37(a)(3), and award fees for the cost of this motion Pursuant to Fed. R. Civ. P. Rule 37(a)(4) requiring the aforesaid Defendant to Pay the Sum of $100.00 as reasonable expenses in obtaining this order, on the ground that the defendants refusal to answer the interrogatories had no substantial justification. For this relief Plaintiff does Pray,

Dated: 11-24-20

Signed: Lamone

Lamone M. Johnson
J.H.C.C. / M1-107
P.O. Box 548
Lexington, OK 73051

I hereby certify that a copy was placed in the inmate prison mail on 11-24-20
to: Darrell L. Moore
P.O. Box 368
Pryor, OK 74362

Lamone

Pg 3