Document 1-2                    RECEIVED

MAY 2 0 2020

In The United States District Court
The Eastern District Of Oklahoma.  Deputy Clerk

Lamone M. Johnson,           PLAINTIFFS FIRST
          Plaintiff,         SET OF INTERROGATORIES
                             TO DEFENDANTS
V.

Dr. sanders, et. al.,        Case no's CIV-19-269-JHP-RAW
      Defendants

In accordance with Rule 33 of the federal Rules of
Civil Procedure. Plaintiff's request that Defendant
Ernesto martinez answer the following interrogatories
under oath, and that the answers be signed by the
Person making them and be served on Plaintiff's
within 30 days of service of these interrogatories.

If You cannot answer the following interrogatories in full,
after exercising due diligence to secure the information
to do so, so state and answer to the extent Possible,
Specifying Your inability to answer the remainder and
Stating whatever information or knowledge You have
concerning the unanswered Portions.

These interrogatories shall be deemed Continuing,
so as to require Supplemental answers as
new and diffrent information materializes.

① Please identify all Positions and titles,
with corresponding dates of employment, that You
have held as an employee at Davis Correctional
facility in the Year 2019. Describe Your Job responsibilitys
for each Position and titles

                              Pg 1

Document 1-2

(2.) Please describe in as much detail as possible every Policy, Procedure and Practice that governs the Care of LGBTQIP (Lesbian, Gay, Bi.sexual, Transgender Queen, Intersex, Pansexual) Inmates and the Disciplinary Process.

(3.) Please identify the inmates that arrived on may 16, 2018 between 6:45AM to 6:45Pm.

(4) Please identify Inmates scheduleres in the Kitchen for the months of June, July 2019 (include inmates names, And I.D. Photo's)

(5.) Please identify all Staff members whom was present in the segregation review and the listed Inmates' whom attended the segregation review and the out come of each inmate's situation on the date of march 5th, 2019.

(6.) Please identify all Prison staff members (by name, Rank and title at the relevant time and last known home and work address) who were On duty on fox delta between 6:45 Am and 5:45Pm, from march 6th to march 14, 2019.

(7.) Please identify all Prison Staff members (by name, Rank and title at the relevant time and last known home and work address) who were on duty on fox delta between 6:45 Pm to 5:45 Am from march 6th to march 14th, 2018

Pg 8 2

Document 1-2

8. Please identify the Procedure for "Inmates who refuse cell mates" and the Procedure for "Investigating a Physical altercation between two inmates that who horseplay." And the steps the investigator takes to determine the incident as "horseplay" or a "Fight."

9. Please identify and attach a copy of Your whereabouts on march 6th, 2019, between 1030 Am - 4:59 Pm.

10. Please identify Where You were at on the facilitits Fox unit on march 6th, 2019, between 10:30 Am - 4:25 Pm.

11. Please identify in as much detail as Possible what You saw occur on march 6th 2019, on fox delta, Cell 210.

12. Please identify the incident reports and a copy, and their location of the events that transpired on march 6th 2019? on fox delta, cell 210?

13. Please identify and attach copies of all 51-C's filed by Inmate Lamone Johnson, Inmate Marquis Porter and their location's.

14. Please Identify all Officers responsible for formulating, implementing and monitoring Compliance with the Policies, Procedures and Protocals and Practices described in Your response to Interrogatory #2 and Interrogatory #8

Pg. 3

Document 1-2

(15) Please Identify each document, as the term is
defined in Federal Rules of Civil Procedure 34(a)(1)
that evidence, mentions or refers to any facts
Stated in Your response to Interrogatory #11,
Interrogatory #12 and Interrogatory #13.

(16) Please identify each Person who has made to
Von Sworn or unsworn Statements or Provided
information for affidavits or statements that
relate to the allegations made in Plaintiffs Complaint
and State the information Provided.

(17) State the name and address or otherwise
identify and locate any Person who, to You or Your
Attorney's Knowledge, Claims to Know of facts relevant
to the Conduct described in these interrogatories.

Date: 5-14th-2020
Signature: Lamone Johnson
            LAMONE JOHNSON #744047
            J.H.C.C./MHU-1-167
            P.O.Box: 544
            Lexington, OK 73051

Certificate-of-mailing,
I, the Plaintiff Placed this foregoing document
in the Prisons mailroom on May     , 14th, 2020
to the following addresses:

o  Darrell L. Moore, OBA 6332, P.O.Box: 368,
      Pryor OK 74362                              Pg4

Document 1-2

On May ___ 14th ___ , 2020
Ramire ~~~~~~~

Pg's 5.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LAMONE JOHNSON,<br>            **Plaintiff,**<br><br>vs.<br><br>DR. SANDERS, et al.,<br><br>            **Defendants.** | Case No. CIV-19-269-RAW-SPS |

---

**DEFENDANTS' RESPONSES TO PLAINTIFF'S**
**DISCOVERY REQUESTS.**

---

COMES NOW Defendant Martinez, by and through his attorney of record, Darrell L. Moore, OBA #6332, responding to Plaintiff's Discovery Requests, as follows:

**INTERROGATORIES TO DEFENDANT MARTINEZ**

**REQUEST NO. 1:** Please identify all positions and titles with corresponding dates of employment that you have held as an employee at Davis Correctional Facility in the year 2019, describe your job responsibilities for each position and titles.

**RESPONSE TO REQUEST NO. 1:** Unit Manager, Davis Correctional Facility. I exercised Unit Manager responsibilities over the Fox inmate housing units during 2019.

**REQUEST NO. 2:** Please describe in as much detail as possible every policy, procedure and practice that governs that care of LGBTQIP (Gay, Bi-sexual, Transgender, Queer, Intersex, Pansexual) Inmates and the disciplinary process.

**RESPONSE TO REQUEST NO. 2:** For the Fox housing unit at Davis Correctional Facility, Oklahoma DOC OP-040204 Segregation Measures is the policy that governs the care of inmates. It is applied to all inmates. Oklahoma DOC OP-060125 Disciplinary Procedures is the policy that outlines the disciplinary process. It is applied to all inmates. OP-060125 Attachment A sets out the acts constituting rule violations. Oklahoma DOC OP-030102 pertains to inmate housing. Oklahoma DOC OP-140147 pertains to determination and management of inmates with gender dysphoria. And, Oklahoma DOC OP-030601 and 030601-APS pertain to the Oklahoma Prison Rape Elimination Act.

**REQUEST NO. 3:** Please identify the inmates that arrived on May 16, 2018 between 6:45 am to 6:45 pm.

1

**RESPONSE TO REQUEST NO. 3:** Lamone Johnson; Michael Gaddis; Roddrick Ward; Mickel McCray; Austin Eiland; Sonny Taylor; Thomas McNeil.

**REQUEST NO. 4:** Please identify inmates schedules in the kitchen for months of June, July 2019 (include inmates names and ID Photos). *to lead to evidence that is in Plaintiff needs, This will admissible.*

**RESPONSE TO REQUEST NO. 4:** Objection, relevance. Facility records indicate you worked in food service 5/24/2018 - 7/05/2018 and 10/04/18 - 10/09/18.

*A lie, Plaintiff was placed in Seg*

**REQUEST NO. 5:** Please identify all staff members whom was present in the segregation review and the listed inmates whom attended the segregation review and the outcome of each inmate situation on the date of March 5, 2019.

*Plaintiff is Suing Defendant Martinez in his official capacity*

**RESPONSE TO REQUEST NO. 5:** Objection, relevance. Objection, safety, security, and privacy concerns restrict release of the requested information regarding other inmates. Without waiving these objections, Plaintiff attended a segregation review on or about March 5, 2019. Staff whom may have been present were Assistant Warden Gentry, Assistant Warden Perez, Chief of Security Brown, Unit Manager Berry, Unit Manager Martinez, and Clerk Polkinghorn.

**REQUEST NO. 6:** Please identify all prison staff members (by name, rank and title at the relevant time and last known home and work address) who were on duty on Fox Delta between 6:45 am and 5:45 pm, from March 6, 2019 to March 14, 2019.

**RESPONSE TO REQUEST NO. 6:** A review of shift rosters for the subject dates indicates the following Officers were assigned to the day shift on Fox Delta from March 6, 2019 to March 14, 2019: David Dellinger, Jacob Reed, Dayne Chaplin, Zachary Powell, Vance Shaw.

**REQUEST NO. 7:** Please identify all prison staff members (by name, rank and title at the relevant time and last known home and work address) who were on duty on Fox Delta between 6:45 pm to 5:45 am from March 6 to March 14, 2019.

**RESPONSE TO REQUEST NO. 7:** Objection, relevance. Objection, safety and security of staff members. Plaintiff is an inmate in a correctional facility and will not be provided address information of staff members. Without waiving these objections, a review of shift rosters for the subject dates indicates the following Officers were assigned to the day shift on Fox Delta from March 6, 2019 to March 14, 2019: David Dellinger, Jacob Reed, Dayne Chaplin, Zachary Powell, Vance Shaw.

**REQUEST NO. 8:** Please identify the procedure for "inmates who refused cellmates" and the procedure for "investigating or physical altercation between two inmates who horseplay." And the steps the investigator takes to determine the incident as "horseplay" or "fight."

**RESPONSE TO REQUEST NO. 8:** If an inmate refuses cell mates, he is issued a misconduct and his level is dropped. Furthermore, based on the circumstances of the refusal, the inmate may be placed in Segregation pending investigation into the refusal. During segregation reviews, a determination is made to return the inmate to general population or conduct a protective

2

measures investigation. If an inmate shows signs of injury, an investigation is conducted to determine the source of the injury and to ensure the safety of the inmate. The investigation includes reviewing staff reports, photographs, and inmate medical evaluations and may include interviewing the victim, the suspect, and any witnesses. In my 23 years' experience as a corrections professional, when inmates incur injuries as a result of horseplay, they readily admit it. When inmates maintain different stories and are evasive when questioned, it generally means that something occurred that they don't want staff to know about. In this incident, both inmates reported that inmate Johnson fell off the top bunk. However, both inmates had injuries that were inconsistent with falling off the top bunk and were consistent with fighting.

**REQUEST NO. 9:** Please identify and attach a copy of your whereabouts on March 6, 2019 on Fox Delta Cell 210.

**RESPONSE TO REQUEST NO. 9:** Objection, your request is vague and unclear insofar as you have asked Defendant Martinez for a *copy of your whereabouts.* Without waiving this objection, I, Unit Manager Martinez, was on the facility on March 6, 2019 as verified by my digital signature on the 5-1 incident report. My office was on the Fox Alpha Pod and I likely would have been on FD at some point during the day.

**REQUEST NO. 10:** Please identify where you were at on the facilities Fox Unit on March 6, 2019 between 10:30 am – 4:50 pm.

**RESPONSE TO REQUEST NO. 10:** I, Unit Manager Martinez, was on the facility on March 6, 2019 as verified by my digital signature on the 5-1 incident report. My office was on the Fox Alpha Pod and I likely would have been on FD at some point during the day..

**REQUEST NO. 11:** Please identify in as much detail as possible what you saw occur on March 6, 2019 on Fox Delta cell 210.

**RESPONSE TO REQUEST NO. 11:** On March 6, 2019, I was advised by Correctional Officer Cody Prince that inmate Johnson had blood on his nose and right eyebrow. Correctional Officer Prince advised me that he believed inmate Johnson and inmate Porter were involved in a fight because there was a lot of tension in the cell. I reviewed the staff reports, medical evaluation forms, and photographs. Based on the information provided, I was able to conclude that a fight occurred.

**REQUEST NO. 12:** Please identify the incident reports and a copy, and their location of the events that transpired on March 6, 2019, on Fox Delta, cell 210.

**RESPONSE TO REQUEST NO. 12:** A copy of the incident report for March 6, 2019 will be BATES numbered and produced to Plaintiff by separate correspondence. A copy of an Offense Report dated March 12, 2019 and related disciplinary records will be BATES numbered and produced to Plaintiff by separate correspondence.

**REQUEST NO. 13:** Please identify and attach copies of all 5-1cs filed by inmate Lamone Johnson, inmate Marquis Porter and their locations.

3

**RESPONSE TO REQUEST NO. 13:**  Objection, safety and security.  Plaintiff is an inmate in a correctional facility and should not be provided information submitted by other offenders. Objection, relevance.  Objection, vague, unclear, and unduly burdensome.  Plaintiff's request for "all" 5-1c he may have submitted while he was confined at Davis Correctional Facility is not relevant to his claims brought forward to this Court.  Without waiving these objections, no 5-1c Incident Statements completed by Plaintiff have been located.  Requests to Staff submitted by Plaintiff dated March 22, 2019 and March 28, 2019 will be BATES numbered and produced to Plaintiff by separate correspondence.

**REQUEST NO. 14:**  Please identify all officers responsible for formulating, implementing and monitoring compliance with the policies, procedures and protocols and practices described in your response to Interrogatory #2 and Interrogatory #8.

**RESPONSE TO REQUEST NO. 14:**  Objection, vague and unclear in that Plaintiff requests that we identify  "all" responsible officers.  Without waiving this objection, as the Unit Manager for the Fox housing unit during 2019, I was responsible for the operation of that inmate housing unit.

**REQUEST NO. 15:**  Please identify each document as the term is defined in Federal Rules of Civil Procedure 34 (a)(1) that evidence mentions or refers to any facts stated in your response to Interrogatory #11, Interrogatory #12 and Interrogatory #13.

**RESPONSE TO REQUEST NO. 15:**  Objection, Plaintiff's request is unclear and is not understood.  Without waiving this objection, please see the produced materials responsive to Plaintiff's requests #12 and #13.

**REQUEST NO. 16:**  Please identify each person who has made to or sworn to or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff's complaint and state the information provided.

**RESPONSE TO REQUEST NO. 16:**  Objection, Plaintiff's request is unclear and is not understood.  Without waiving that objection, any affidavits that have been made were attached to the *Special Report*. Staff responding to the incident of March 6, 2019 are identified in the produced incident report. Staff involved in the disciplinary process are identified in the produced materials.

**REQUEST NO. 17:**  State the name and address or otherwise identify and locate any person who to your or your attorneys knowledge claims to know of facts relevant to the conduct described in these interrogatories.

**RESPONSE TO REQUEST NO. 17:**  Objection, Plaintiff's request is unclear and is not understood.  Without waiving that objection, any affidavits that have been made were attached to the *Special Report*. Additionally, for additional staff statements and materials, please see the materials submitted in response to Plaintiff's discovery requests.

4

Defendant Martinez,

DARRELL L. MOORE, OBA #6332
P.O. BOX 368
PRYOR, OK  74362
(918) 825-0332
(918) 825-7730 fax
Attorney for Defendants

*Certificate of Service*

☑  I hereby certify that on the 16th day of October 2020, I served the attached document by regular US Mail on the following:

Lamone Johnson, DOC# 744047
Joseph Harp Correctional Center
PO Box 548
Lexington, OK 73051-0548

DARRELL L. MOORE

5

5-1A

## INCIDENT REPORT

| Facility: | Davis Correctional | | Incident Number: | 2019-1001-097-III |
|---|---|---|---|---|

| Incident Date/Time (HRS): | 03/06/2019 13:04 hours |
|---|---|

| Facility Damage: | None |
|---|---|

| Incident Location: | Facility Property \ Section: F \ Block: FD \ Cell: 210 |
|---|---|

### INCIDENT PRIORITY LIST:

| Priority | Priority Description |
|---|---|
| III | Fight WITHOUT Weapon NOT Resulting in Immediate Outside Medical Treatment-Inmate on Inmate |

| Other Priority Description: | |
|---|---|

### DESCRIPTION OF INCIDENT:

Davis Correctional Facility in Holdenville, Oklahoma

On Wednesday, March 6, 2019 at approximately 1304 hours, Correctional Officer ▇▇ Prince was conducting a security check in the Fox Delta Pod. As Correctional Officer Prince passed by Fox Delta Cell #210, which houses inmate Porter, Marquis #786756 (Date of Birth: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and inmate Johnson, Lamone #744047 (Date of Birth: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ he observed inmate Johnson at the window with injuries consistent with being involved in a physical alteration. Correctional Officer Prince called for assistance from other staff in the area so that he could take inmate Johnson to Satellite Medical for further evaluation.

Correctional Officer ▇▇▇ Reynolds, Correctional Officer ▇▇▇ Ryan, and Correctional Officer ▇▇▇ York responded in less than one minute.

Correctional Officer Prince and Correctional Officer Reynolds escorted inmate Johnson to Satellite medical for evaluation. Licensed Practical Nurse ▇▇▇ Turner conducted the medical evaluation of inmate Johnson with the following noted on the facility emergency anatomical form: swollen area to nose and bite mark to left side of neck. After the evaluation, inmate Johnson was escorted and placed back in Fox Delta Cell #219.

Correctional Officer York and Correctional Officer Ryan escorted inmate Porter to Satellite Medical for evaluation. Licensed Practical Nurse ▇▇▇ Goodwin conducted the medical evaluation of inmate Porter, with the following noted on the facility emergency anatomical form: abrasions/ scratch to right elbow, left forehead, right wrist, left wrist, right forearm, and right shoulder. Bruise/ discoloration to left forehead, right wrist, left wrist, right forearm, and right shoulder. After the evaluation, inmate Porter was escorted and placed in segregation.

Inmate Johnson stated that the fight occurred as a result of him not wanting to go out to recreation and his cell partner got upset about it.

Inmate Porter stated that his cell partner fell off the bunk and no fight occurred.

SUSPECTS:
Inmate Porter, Marquis #786756 (Date of Birth: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇).

Inmate Johnson, Lamone #744047 (Date of Birth: ▇▇▇▇▇▇▇▇▇▇▇▇▇).

VICTIMS:
Not applicable.

ESCORTS:
Correctional Officer Prince and Correctional Officer Reynolds escorted inmate Johnson to Satellite medical for evaluation. After

Proprietary Information - Not For Distribution - Copyrighted - Property of CoreCivic

10/03/13

Johnson - CIV-19-269          10/10/2020          000001

5-1A

# INCIDENT REPORT

the evaluation, inmate Johnson was escorted and placed back in Fox Delta Cell #219.

Correctional Officer York and Correctional Officer Ryan escorted inmate Porter to Satellite Medical for evaluation. After the evaluation, inmate Porter was escorted and placed in segregation.

**RESPONSE TIME:**
Less than one minute.

**MEDICAL REPORTS/INJURIES TO STAFF:**
Not applicable.

**MEDICAL REPORTS/INJURIES TO INMATES:**
Licensed Practical Nurse ▮▮▮Turner conducted the medical evaluation of inmate Johnson with the following noted on the facility emergency anatomical form:  swollen area to nose and bite mark to left side of neck.

Licensed Practical Nurse ▮▮▮Goodwin conducted the medical evaluation of inmate Porter, with the following noted on the facility emergency anatomical form: abrasions/ scratch to right elbow, left forehead, right wrist, left wrist, right forearm, and right shoulder. Bruise/ discoloration to left forehead, right wrist, left wrist, right forearm, and right shoulder.

**CRIME SCENE/EVIDENCE:**
Photographs, offense reports, and incident statements were submitted with the incident packet. The contraband placed in the Central Control Evidence Safe. Camera ▮▮▮was utilized.

**USE OF FORCE:**
No force was utilized.

**CONCLUSION:**
Inmate Porter received an offense report for Acts Constituting Rule Violation, "A-2" (Fighting).

Inmate Johnson received an offense report for Acts Constituting Rule Violation, "A-2" (Fighting).

**NOTIFICATIONS:**
Chief of Security Brown was notified on March 6, 2019 at approximately 1400 hours by Unit Manager Martinez.

| **Inmates/Residents Involved?** | Yes |
|---|---|

**INVOLVED PEOPLE:**

| Inmate/Resident Name(s) & Number | | | Jurisdiction | Witness or Participant | 5-1C Attached or Refused? | Injuries |
|---|---|---|---|---|---|---|
| **MARQUIS PORTER (786756)** | | | OK DOC | Participant | Refused | Yes |
| Hospital Admission: | No | Nature of Injury: | Fighting | | | |
| **LAMONE JOHNSON (744047)** | | | OK DOC | Participant | Refused | Yes |
| Hospital Admission: | No | Nature of Injury: | swollen area to nose and bite mark to left side of neck | | | |

| Employee Name(s) & Number | Employee Title | Witness or Participant | 5-1C Attached? | Injuries |
|---|---|---|---|---|
| ▮Prince▮▮▮ | CORRECTIONAL OFFICER | Participant | Yes | No |

Proprietary Information - Not For Distribution - Copyrighted - Property of CoreCivic

10/03/13

Johnson - CIV-19-269               10/10/2020               000002

5-1A

## INCIDENT REPORT

| | Reynolds (40149601) | CORRECTIONAL OFFICER | Participant | Yes | No |
|---|---|---|---|---|---|
| | York (22960539) | CORRECTIONAL OFFICER | Participant | Yes | No |
| | Ryan (40782511) | CORRECTIONAL OFFICER | Participant | Yes | No |

| Medical Evaluation Completed? | Yes |
|---|---|

**HEALTH SERVICES PERSONNEL CONDUCTING EXAMINATIONS:**

| Name | Title |
|---|---|
| Turner, | Licensed Practical Nurse |
| Goodwin, | Licensed Practical Nurse |

| Weapons Discovered? | N/A | How Many? | |
|---|---|---|---|

| Weapon Description | | Weapon Location | |
|---|---|---|---|

| Cell Phones Discovered? | N/A | How Many? | |
|---|---|---|---|

| Inmate/Resident Disciplinary Charges Filed? | Yes |
|---|---|

| Inmate/Resident Name(s) & Number | Segregation and/or PHD | Property Inventory Completed |
|---|---|---|
| MARQUIS PORTER (786756) | Yes | Yes |
| LAMONE JOHNSON (744047) | Yes | Yes |

| Incident Videotaped? | N/A | |
|---|---|---|
| Name/Title of Camera Operator: | | |
| If Not Recorded, Explain: | | |
| Photos of injuries, contraband, or property? | Yes | How Many? | 14 |
| If No Photos, Explain: | | |
| Name/Title of Photo Taker: | CO Prince | |

**EVIDENCE INFORMATION:**

| Evidence recovered during incident? | N/A |
|---|---|
| Chain of Custody Maintained: | No |
| Evidence Description: | N/A |
| Evidence Current Location: | N/A |

Proprietary Information - Not For Distribution - Copyrighted - Property of CoreCivic   10/03/13

Johnson - CIV-19-269          10/10/2020          000003

5-1A

## INCIDENT REPORT

| Name/Title of Person Discovering Evidence: | N/A |
|---|---|
| Criminal Charges: | No |

**Notifications:**

**Facility Notifications:**

| Person Notified | Date/Time Notified | Notified By | ADO? |
|---|---|---|---|
| K. Brown | 3/6/2019@1400 hrs | E. Martinez | Yes |

**FSC Notifications:**

| Person Notified | Date/Time Notified | Notified By |
|---|---|---|
| L. Blair | | Via Email |
| L. Dixon | | Via Email |
| FSC QADA | | Via Email |

**Contracting Agency Notifications:**

| Person Notified | Date/Time Notified | Notified By |
|---|---|---|
| JC Colbert | | Via EMail |

**Outside Agency Notifications:**

| Person Notified | Date/Time Notified | Notified By |
|---|---|---|

| Referred for Investigation by Warden/Administrator or ADO? | Yes |
|---|---|

| Prepared By: | E. Martinez | Title: | Unit Manager |
|---|---|---|---|

| Completed Date/Time: | 03/06/2019 17:00hours |
|---|---|

| Name | Job Title | Date and Time Signed |
|---|---|---|
| Ernesto Vi Martinez | UNIT MANAGER | 03/06/2019 16:20 hrs. |

Proprietary Information - Not For Distribution - Copyrighted - Property of CoreCivic

10/03/13

Johnson - CIV-19-269          10/10/2020          000004

5-1C

# INCIDENT STATEMENT

| Facility | Davis Correctional Facility | | Incident Number | 2019-1001-097-III |
|---|---|---|---|---|

| Incident Date | 3/6/2019 | | Incident Time (HRS) | 1304 hours |
|---|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| Prince, ▓ | 39532282 | Employee | Participant |

| Housing Location (For Inmates/Residents Only) | |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

On Wednesday, March 6, 2019 at approximately 1304 hours, I was conducting a security check in the Fox Delta Pod. As I passed by Fox Delta Cell #210, which houses Inmate Porter, Marquis #786756 (Date of Birth ▓▓▓▓▓▓▓▓▓▓▓▓▓ and inmate Johnson, Lamone #744047 (Date of Birth: ▓▓▓▓▓▓▓▓▓▓▓▓▓, I observed inmate Johnson at the window with injuries consistent with being involved in a physical alteration. I called for assistance from other staff in the area so that I could take inmate Johnson to Satellite Medical for further evaluation.

Correctional Officer ▓▓▓ Reynolds, Correctional Officer ▓▓▓ Ryan, and Correctional Officer ▓▓▓ York responded in less than one minute.

Correctional Officer Reynolds and I escorted inmate Johnson to Satellite medical for evaluation. Licensed Practical Nurse ▓▓▓ Turner conducted the medical evaluation of inmate Johnson with the following noted on the facility emergency anatomical form: swollen area to nose and bite mark to left side of neck. After the evaluation, inmate Johnson was escorted and placed back in Fox Delta Cell #219.

| Did you receive any injuries? YES or NO (If YES, Explain Below) | No |
|---|---|
| | |

| Were you evaluated by medical? YES or NO | No |
|---|---|
| | |

| Printed Name: | ▓▓▓ Prince | | | |
|---|---|---|---|---|
| Signature: | _[signature]_ | | Date: | 3/6/19 |
| Typed By: | | | Date: | |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C | |
|---|---|---|
| | Civilian/Other refused to complete this 5-1C | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

Page 1 of 2

9/2/08

Proprietary Information – Not For Distribution – Copyrighted          Property of Corrections Corporation of America

5-1C

# INCIDENT STATEMENT

| Facility | Davis Correctional Facility | | Incident Number | 2019-1001-097-III |
|---|---|---|---|---|

| Incident Date | 3/6/2019 | | Incident Time (HRS) | 1304 hours |
|---|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| Reynolds, Roger | 40149601 | Employee | Participant |

| Housing Location (For Inmates/Residents Only) | |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

On Wednesday, March 6, 2019 at approximately 1304 hours, I responded to Fox Delta Pod along with Correctional Officer ███ Ryan, and Correctional Officer ███ York.

Correctional Officer Prince and I escorted inmate Johnson to Satellite medical for evaluation. Licensed Practical Nurse ███ Turner conducted the medical evaluation of inmate Johnson. After the evaluation, inmate Johnson was escorted and placed back in Fox Delta Cell #219.

| Did you receive any injuries?  YES or NO  (If YES, Explain Below) | No |
|---|---|

| Were you evaluated by medical? YES or NO | No |
|---|---|

| Printed Name: | ███ Reynolds | | | |
|---|---|---|---|---|
| Signature: | | | Date: | 3/6/19 |
| Typed By: | | | Date: | |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

9/2/08

Proprietary Information – Not For Distribution – Copyrighted

Property of Corrections Corporation of America

Johnson - CIV-19-269          10/10/2020          000006

| Facility | Davis Correctional Facility Holdenville, OK | | Incident Number | 2019-1001-057-54 |
|---|---|---|---|---|

| Incident Date | 3/6/19 | | Incident Time (HRS) | 1304 |
|---|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| % Ryan | E407812511 | Employee | Participant |

| Housing Location (For Inmates/Residents Only) | |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

I, Tahura, started assisted in escorting inmate M. Parks from FOID to intake medical to be seen by medical staff for scratches following an incident in his cell C his cell out. He was escorted to re-escorted him back to FOX house and placed him in a cage.

**Did you receive any injuries? YES or NO (If YES, Explain Below)** N/A

**Were you evaluated by medical? YES or NO** N/A

| Printed Name: | B Ryan | | | |
|---|---|---|---|---|
| Signature: | % Ryan | | Date: | 3/6/19 |
| Typed By: | | | Date: | |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C | |
|---|---|---|
| | Civilian/Other refused to complete this 5-1C | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

2 of 2

10/3/13

Proprietary Information – Not For Distribution – Copyrighted - Property of CCA

| Facility | Davis Correctional Facility Holdenville, OK | | Incident Number | 2-19-1001-052-57 |
|---|---|---|---|---|

| Incident Date | 3-6-19 | | Incident Time (HRS) | 1304 |
|---|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| York | | CO | Witness Participant wit |

**Housing Location (For Inmates/Residents Only)**

**Based on your own knowledge, what did you see, hear, and do?**

I CORRECTIONAL officer York basically Over
inmate Porter a MANCUS #286756 from ED
210 to SAT lite medical.
He was cleared from SAT medical,
He was placed in ED cage

**Did you receive any injuries? YES or NO  (If YES, Explain Below)** N/A

**Were you evaluated by medical? YES or NO** N/A

| Printed Name: | York | | |
|---|---|---|---|
| Signature: | York | Date: | 3-6-19 |
| Typed By: | | Date: | |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

10/3/13

Proprietary Information – Not For Distribution – Copyrighted - Property of CCA

Johnson - CIV-19-269          10/10/2020          000008

5-1C

# INCIDENT STATEMENT

| Facility | Davis Correctional Facility | | Incident Number | 2019-1001-097-III |
|---|---|---|---|---|

| Incident Date | 3/6/2019 | | Incident Time (HRS) | 1304 hours |
|---|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| Johnson, Lamone | 744047 | Inmate | Participant |

| Housing Location (For Inmates/Residents Only) | FD ²⁴ |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**



| Did you receive any injuries? YES or NO (If YES, Explain Below) | Yes |
|---|---|
| swollen area to nose and bite mark to left side of neck | |

| Were you evaluated by medical? YES or NO | Yes |
|---|---|

| Printed Name: | |
|---|---|
| Signature: | Date: |
| Typed By: | Date: |

**This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.**

Place an "X" in the appropriate box:

| X | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | E. Marshu | Date: | 3/6/19 |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | A. Berry | Date: | 3/6/19 |
|---|---|---|---|
| Employee/Witness Signature | | | |

9/2/08

Proprietary Information – Not For Distribution – Copyrighted

Property of Corrections Corporation of America

Johnson - CIV-19-269          10/10/2020          000009

5-1C

## INCIDENT STATEMENT

| Facility | Davis Correctional Facility | | Incident Number | 2019-1001-097-III |
|---|---|---|---|---|

| Incident Date | 3/6/2019 | | Incident Time (HRS) | 1304 hours |
|---|---|---|---|---|

| Person Name | ID Number<br>(Employee #/Inmate #/Civilian ID) | Person Type<br>(Employee/Inmate/Civilian) | Person Role<br>(Witness or Participant) |
|---|---|---|---|
| Porter, Marquis | 786756 | Inmate | Participant |

| Housing Location (For Inmates/Residents Only) | FD219 |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**



**Did you receive any Injuries?  YES or NO  (If YES, Explain Below)** | Yes

abrasions/ scratch to right elbow, left forehead, right wrist, left wrist, right forearm, and right shoulder. Bruise/ discoloration to left forehead, right wrist, left wrist, right forearm, and right shoulder

**Were you evaluated by medical?  YES or NO** | Yes

| Printed Name: | | | |
|---|---|---|---|
| Signature: | | Date: | |
| Typed By: | | Date: | |

**This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.**

Place an "X" in the appropriate box:

| X | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | E. Nartcher | Date: | 3/6/19 |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | A. Berry | Date: | 3/6/19 |
|---|---|---|---|
| Employee/Witness Signature | | | |

9/2/08

Proprietary Information – Not For Distribution – Copyrighted

Property of Corrections Corporation of America

Johnson - CIV-19-269          10/10/2020          000010

2019-1001-097-III Photos



Johnson



Johnso




000012

10/10/2020

Johnson - CIV-19-269

2019-1501-097-III Photos



Johnson



Porter

2019 - 1001 - 097 - III Photos



Porter



Porter

2019-1001-097-III Photos



Porter



Porter

2019-1001-097-III Photos



Poster



Poster

2019-1001-097-III   Photos



Porter



Porter

13-34A2

## Facility Emergency Anatomical Form

Wt- 162
BP- 129/79
P-73
R-16
O2-96

☐ Inmate/Resident   ☐ Employee
Facility Name: __DCF__     Date: __3-6-19__   Time: __1310__

Name: (Last, First) __Johnson, Lamone__   Agency # / Employee#: __744047__

Age: __21__   Race: __B__   Sex: ☒male ☐ female   Time Notified: __1310__   Time Seen: __1310__

Place of Occurrence: __FD 210__   Date/Time of Occurrence: __3-6-19__ @ about __1255 @ 1304__

Reason for Report: ☒injury ☐ on the job injury ☐ use of force ☐ pre-seg admission ☐ other: ____

Mode of Arrival? ☐ wheelchair ☒ambulatory ☐ on-site ☒ escorted by __Security__

Injuries Found? ☒Yes ☐ No  - If yes, use the appropriate code number on the figures above

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Abrasions/Scratch | 1 | Fresh Tattoo | 7 | Reddened Area | 13 | Other, list below | |
| Active Bleeding | 2 | Cut/Laceration/Slash | 8 | Skin Flap | 14 | Bite Mark | 17 |
| Bruise/Discoloration | 3 | Chemical Spray Area | 9 | Swollen Area | 15 | | 18 |
| Burn | 4 | Pain | 10 | Open Fracture | 16 | | 19 |
| Deformity | 5 | Protrusion | 11 | | | | |
| Dried Blood | 6 | Puncture | 12 | | | | |

RN Notified: ____  Time: ____
LIP Notified: ____  Time: ____
Form Completed By/Title D Turner LPN
Print/Sign D Turner, LPN

Chemical Spray Exposure? ☐Yes ☒No   Decontaminated? ☐ Yes ☒No   Self-decontamination instructions given? ☐ Yes ☒No
Refused Decontamination? ☐ Yes ☒No   Placed on every 15 minute respiratory checks? ☐ Yes ☒No
Brief Statement in subject's words of the circumstances of the occurrence: "_I fell off of top bunk_"

Comments: During evaluation I/M reports his celley got upset with him because he was being loued and wanted to go to rec.
Disposition: housing   Time: ____

10/10/12

Proprietary Information – Not For Distribution – Copyrighted - Property of CCA

13-34A2

## Facility Emergency Anatomical Form



98.1
P55
R18
153/9
0-29810

☒ Inmate/Resident  ☐ Employee
Facility Name: _MF-_   Date: _3-6-19_  Time: _1316_

Name: (Last, First) _Porter  Marquis_   Agency # / Employee#: _786756_

Age: _25_  Race: _B_  Sex: ☐ male ☐ female  Time Notified: _1316_  Time Seen: _1316_

Place of Occurrence: _FD  210_   Date/Time of Occurrence: _3-6-19 @ 1314_

Reason for Report: ☒ injury ☐ on the job injury ☐ use of force ☐ pre-seg admission ☐ other:_____

Mode of Arrival? ☐ wheelchair ☒ ambulatory ☐ on-site ☐ escorted by _____

Injuries Found? ☒ Yes ☐ No - If yes, use the appropriate code number on the figures above

| | | | | | | | | RN Notified: |
|---|---|---|---|---|---|---|---|---|
| Abrasions/Scratch | 1 | Fresh Tattoo | 7 | Reddened Area | 13 | Other, list below | | Time: N/A |
| Active Bleeding | 2 | Cut/Laceration/Slash | 8 | Skin Flap | 14 | | 17 | LIP Notified: |
| Bruise/Discoloration | 3 | Chemical Spray Area | 9 | Swollen Area | 15 | | 18 | Time: |
| Burn | 4 | Pain | 10 | Open Fracture | 16 | | 19 | Form Completed By/Title: |
| Deformity | 5 | Protrusion | 11 | | | | | Printsign _____ |
| Dried Blood | 6 | Puncture | 12 | | | | | |

Chemical Spray Exposure? ☐Yes ☐ No   Decontaminated? ☐ Yes ☐ No   Self-decontamination instructions given? ☐ Yes ☐ No
Refused Decontamination? ☐ Yes ☐ No   Placed on every 15 minute respiratory checks? ☐ Yes ☐No
Brief Statement in subject's words of the circumstances of the occurrence: _My collie fell off bunk_
_I didn't fight with_

Comments: _Calm_

Disposition: _Calm_  Time: _1359_

10/10/12

Proprietary Information – Not For Distribution – Copyrighted - Property of CCA

## DEPARTMENT OF CORRECTIONS OFFENSE REPORT

**Name of Facility** OCF
**Facility Computer Code** 7C

### Section I.
**Inmate Name:** Lenore, Johnson    **DOC#:** 744047    **Date of Offense:** 3/12/19    **Time:** 1636

**Place of Offense:** P0219    **Housing Assignment:** P0219

**Offense: (4-4233, b#1, 2)** Fighting    **Offense Computer Code:**

**Class of Offense:** A    A-L

**Description of Incident (to include any unusual inmate behavior): (4-4233, b#3)**
On the above date and approximate time, Unit Manager Marthen concluded an investigation which revealed that a fight occurred between inmate Lenore and inmate Porter.

**Staff or Inmate Witness (if any) (4-4233, b#4)** N/A

**Disposition of Physical Evidence (if any) (4-4233, b#5)** N/A

**Immediate Action Taken (to include the use of force and prehearing detention) (4-4233, b#6)** N/A

**Printed Name and Title of Reporting Employee (4-4233, b#7)**
Name E. Marthen    **Signature of Reporting Employee**

Title UM    Date 3/12/19    Time 1636

### Section II
To be referred within 24 hours from the time the violation is reported.
___ Informal Resolution
___ Dismissed
✓ Referred for investigation
Name
Title
Date 3/12/19   Time: 1840

### Section III. Inmate should initial appropriate response
___ I have received a copy of the written charge against me. I realize that I have a right to remain silent.
___ I plead guilty and waive my right to an appeal.
___ I plead not guilty.
___ I plead not guilty and waive my right to 24 hours preparation time.

Inmate's Signature _____ DOC # _____ Date __/__/__ Time _____

___ Inmate chose not to sign for a copy of the Offense Report at this time.

**Offense Report Delivered to above inmate by (Print and Sign) (4-4236, 4-4238)**    Date Delivered    Time Delivered

ORIGINAL: Commitment Document Folder
FIRST COPY: Field File
SECOND COPY: Inmate

DOC 060125A (R 4/17)

## DEPARTMENT OF CORRECTIONS OFFENSE REPORT

Name of Facility _DCF_

Facility Computer Code _7E_

**Section I**

Inmate Name: _Porter, Marquis_

DOC#: _786756_

Date of Offense: _3|12|19_

Time: _1636_

Place of Offense: _FD219_

Housing Assignment: _FD219_

Offense: (4-4233, b# 1, 2) _Fighting_

Offense Computer Code:

Class of Offense: _A_

_A-2_

Description of Incident (to include any unusual inmate behavior): (4-4233, b#3)
_on the above date and approximate time, Unit Manager_
_Mashier conducted an investigation which revealed that a_
_fight occurred between inmt Porter and inmt Lanese._

Staff or Inmate Witness (if any) (4-4233, b#4) _N/A_

Disposition of Physical Evidence (if any) (4-4233, b#5) _N/A_

Immediate Action Taken (to include the use of force and prehearing detention) (4-4233, b#6) _N/A_

Printed Name and Title of Reporting Employee (4-4233, b#7)

Name _E. Mashier_

Signature of Reporting Employee

Title _UM_

Date _3/12/19_ Time _1636_

**Section II**

> To be referred within 24 hours from the time the violation is reported.
>
> ____ Informal Resolution
> ____ Dismissed
> ✓ Referred for investigation
> Name _____
> Title _UM_
> Date _3/12/19_ Time: _1640_

## Section III Inmate should initial appropriate response

____ I have received a copy of the written charge against me. I realize that I have a right to remain silent.

____ I plead guilty and waive my right to an appeal.

____ I plead not guilty.

____ I plead not guilty and waive my right to 24 hours preparation time.

Inmate's Signature _____ DOC # _____ Date __ / __ / __ Time _____

____ Inmate chose not to sign for a copy of the Offense Report at this time.

Offense Report Delivered to above inmate by (Print and Sign) (4-4236, 4-4238)

Date Delivered

Time Delivered

ORIGINAL: Commitment Document Folder
FIRST COPY: Field File
SECOND COPY: Inmate

DOC 060125A (R 4/17)

Tracking #: 19-0888D                                                    FD210

## DISCIPLINARY DISPOSITION REPORT
### (CLASS A & B OFFENSES AND CLASS X GUILTY PLEAS)

I. Name of Facility __DCF__   Facility Code __7E__ Date of Violation __3/12/19__
Name of Inmate __Johnson__ __Lamone__
    Last Name       First Name         M.I.
Violation __Fight__   Violation Code __2__ Class of Offense __A__
Disposition Date __3/15/19__ DOC # __744647__ Time __1205__ Place __FD210__

II. I understand that I waive the opportunity of this case being appealed if I plead guilty to this offense.
  X __Lamone Johnson__        __744647__
Inmate's Name          Number

PLEA: 1. Guilty __✓__ Inmate's Initials __LJ__ 2. Not Guilty _____ Inmate's Initials _____

Confidential Statements: I have independently reviewed the reliability statement and have found that it sufficiently supports the reliability of the confidential witness statement(s).

Disciplinary Coordinator's Signature

III. Finding                                                                25

1. Guilty __✓__   2. Not Guilty _____

Evidence relied on for finding of Guilt: (include a brief description of the offending behavior)
__Accepted Inmates guilty plea__

IV. Discipline Imposed:  Sanction __Phone 60__  Code __AD1__  Suspension
                                   ___ for ___ days
                                   ___ for ___ days
                                   ___ for ___ days
                                   ___ for ___ days
Basis for discipline imposed: __To deter future rule violations__

Disciplinary Coordinator Printed Name and Signature __Key Ky__

V. As a result of conviction for subsequent offense prior to expiration of the suspended punishment, the previous suspended punishment is hereby revoked: to run consecutive to the new punishment.
Previous Violation:
Previous Punishment: 1. _____ 2. _____ 3. _____
Date of Imposition: __/__/__

Facility Head Review __✓__ Affirm _____ Dismissed _____ Modified _____ Remanded
Date __3/18/19__ Signature _____

VI. I have received a copy of the disposition. Date __/__/__
Inmate's Signature and Number _____ 4/11/9

Inmates pleading not guilty may appeal to the facility head/district supervisor within 15 days.

ORIGINAL: Commitment Document Folder
FIRST COPY: Field File
SECOND COPY: Inmate
THIRD COPY: Records                                   DOC 060125C-1 (R 4/17)

RECEIVED
MAR 13 2019
FD210

**DEPARTMENT OF CORRECTIONS OFFENSE REPORT**
19-0888-1

Name of Facility OCF                          Facility Computer Code  7E

**Section I**

Inmate Name:            DOC#:        Date of Offense:     Time:
Lemone, Johnson    744047        3/12/19          1636

Place of Offense: FD219                         Housing Assignment: FD219

Offense: (4-4233, b# 1, 2)   Fighting            Offense Computer Code:

Class of Offense: A                             A-2

Description of Incident (to include any unusual inmate behavior): (4-4233, b#3)
On the above date and approximate time, Unit Manager Matthew concluded an investigation which revealed that a fight occurred between inmate Lemone and inmate Porter.

Staff or Inmate Witness (if any) (4-4233, b#4)  N/A

Disposition of Physical Evidence (if any) (4-4233, b#5)  N/A

Immediate Action Taken (to include the use of force and prehearing detention) (4-4233, b#6)  N/A

Printed Name and Title of Reporting Employee (4-4233, b#7)    Signature of Reporting Employee
Name  E. Matthew

Title  UM                         Date 3/12/19  Time 1636

**Section II**

To be referred within 24 hours from the time the violation is reported.
____ Informal Resolution
____ Dismissed
__✓_ Referred for investigation
Name
Title
Date 3/12/19  Time: 1640

**Section III Inmate should initial appropriate response**

LJ  I have received a copy of the written charge against me. I realize that I have a right to remain silent.
____ I plead guilty and waive my right to an appeal.
LJ  I plead not guilty.
____ I plead not guilty and waive my right to 24 hours preparation time.

Inmate's Signature                    DOC # 744047  Date 3/14/18  Time 0829

____ Inmate chose not to sign for a copy of the Offense Report at this time.

                              3-14-19          0829
Offense Report Delivered to above inmate by (Print and Sign)  Date Delivered  Time Delivered
(4-4236, 4-4238)

ORIGINAL:  Commitment Document Folder
FIRST COPY:  Field File
SECOND COPY: Inmate

DOC 060125A (R 4/17)

Record of Delivery of Copies of Evidence To Inmate

Copies of the following items were delivered to ___Johnson___ DOC# 744047

Offense Code ___A2___ Date of Offense 3/12/19

1. Record of Delivery
2. Offense Report
3. Cordinators Report
4. Witness Statement - I'm Porter
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____

_____          _____          3/14/19 / 0832
Inmate's Signature        Disciplinary Coordinator's   Date          Time
                          Signature

Distribution
Original: Commitment Document Folder with Offense Report
First Copy: Field File with Offense Report
Second Copy: Inmate with Offense Report

DOC 060125H (R 4/17)

# DISCIPLINARY COORDINATOR'S REPORT

Investigating Officer (Print) _Key_ Date referred for investigation: _3-12-19_

Inmate Name and Number: _Johnson_ _744047_ Date investigation completed: _3-14-19_

Offense: _Fight_ Offense Code: _A2_ Date of Offense: _3-12-19_

Statement of inmate regarding offense: _Me and my cell did not fight_
_I fell off the table trying to take off my light cover_
_so that I could take a shower._

☒ Inmate wishes to call witness/es   ☐ Inmate does not wish to present witness

Name: _I/M Porter_   Can testify to: _incident_

Name: _____   Can testify to: _____

| | YES | NO | (One box should be checked for each statement) |
|---|---|---|---|
| 1. | ☐ | ☒ | Inmate provided documentary evidence to investigator. If yes, state evidence. |
| 2. | ☐ | ☒ | Statement(s) provided by witness/es attached (or document refusal to provide information). |
| 3. | ☒ | ☐ | Discretionary action taken regarding witness testimony. Documentation/justification attached. |
| 4. | ☒ | ☐ | Inmate has received photocopy/description of all evidence. |
| 5. | ☐ | ☒ | Written confidential witness testimony/evidence taken (not provided to inmate). |
| 6. | ☐ | ☒ | A staff representative will ONLY be appointed if inmate meets criteria specified in OP-060125 Section III. item A.   Assignment of a staff representative is warranted. If so, assigned representative is:_____ |
| 7. | ☐ | ☒ | Inmate requested documentary evidence. If yes, state evidence:_____. If denied, state reason for denial:_____ |
| 8. | ☐N/A☐ | | CRC attached (front and back side) – not provided to the inmate |

Additional facts discovered by investigator not in incident reports, evidence, and/or witness statements: _None_

Disciplinary hearings will normally be scheduled on a docket which will commence within seven days from the date the disciplinary hearing officer receives the "Offense Report" from the disciplinary coordinator. Disciplinary dispositions for Class A & B offenses will be completed within seven days.

_3/15/19_          _0829 / FD210_

Date of              Time and Location of              Signature of Disciplinary
Hearing/Disposition    Hearing/Disposition              Coordinator

I acknowledge receipt of this report, all attachments, and the contents therein. (4-4238)

_James Johnson 744047_          Date _3/14/19_
Inmate's Signature

Original:      Commitment Document Folder
First Copy:    Field File
Second Copy:   Inmate

DOC 060125B (R 4/17)

## Witness Discretionary Action Record

Investigating Officer (print) _Kelly_

The following action has been taken with regards to witness testimony:

1. _____ I have elected to take a written statement from _Tim Porter_ (Print)(witness) in lieu of allowing live testimony at the disciplinary hearing. Reasons: _Scheduling Conflicts between disposition + Witness_

2. _____ I have disqualified as a witness(Print) _____
   because the testimony is not ___relevant/material, _____ is repetitive/duplicative, _____ the witness did not witness the incident and has no direct knowledge of the facts. Reasons given for this determination: _____.

3. _____ I have disallowed the reporting staff member as a witness, because he/she has completed a written report documenting the incident/requested information.

4. _____ Witness/es refused to make a statement.

5. _____ Other _____

6. Statement
   _My Celly Lamone Johnson Fell trying to take the light cover off so we could take a shower._

_____    _____    3/14/18   0837
Witness' Signature          Disciplinary Coordinator's Signature   Date        Time

Distribution
Original: Commitment Document Folder with Offense Report
First Copy: Field File
Second Copy: Inmate with Offense Report

DOC 060125I (R 4/17)

## Mental Health Recommendations
## Regarding Offender Discipline

Date: 3/13/2019                              Date/Time of Offense: 3/12/2019

Offender Name: JOHNSON, LAMONE              DOC# 744047

Offense: Fight                               Offense Code: A-2

Mental Health Level at Time of Offense: ☒ B,    ☐ C1,    ☐ C2,    ☐ D

Recommendations Concerning Acceptance of the Misconduct:

☒ Accept offense report for formal disciplinary process. Offender is capable of assisting with his/her defense.

☐ Accept offense report for formal disciplinary process. Offender requires a staff representative familiar with issues related to serious mental illness or cognitive impairment.

☐ Disciplinary hearing should be postponed until the mental health authority (MHA) notifies the appropriate staff person that the offender is capable of assisting with his/her defense. Normally, if the offender has not been assessed as capable of assisting with his/her defense within a six month period, consultation between the designated staff person and MHA will occur to determine the feasibility of additional postponement of the offense report. The MHA and designated staff member may jointly elect to take no further action on the offense report.

☐ Informally handle the offense by referring the issue to the MHA who will hold the offender accountable for his/her behavior. The MHA will modify the offender's treatment plan to address the problem behavior. This offender's mental health issues and/or level of functioning would be best addressed using the following strategy: *

Recommended strategy: _____
_____
_____
_____

*Behavior(s) that threaten the life or health of others or security of the facility must be handled via the formal disciplinary process.

_Vicki Shepherd_                            _T. Underwood_ 3/13/2019
MEd, LPC, LADC 3/13/2019
Signature of MHA (designee) Date            Signature of Warden (designee) Date

Original: Designated Supervisor to be placed in disciplinary report.
Copy:    Offender's Medical File                    DOC 060125R (R 04/17)

Johnson - CIV-19-269          10/10/2020          000027

**CoreCivic Apps**

Human Resources   Inmate Services   Operations

Log Out  My Tasks  My Profile

### Inmate Disciplinary Profile

**Demographics**

Name: JOHNSON, LAMONE M   Birth Date:
CCA ID: 5455995         Birth Place:
Agency ID: 744047       Sex: M
Status: ACTIVE          Race: BLACK
System: OMSx            Religion:

**Supervision History**

| Agency ID | Commit Date | Release Date | Facility | Agency | CCA Class | Agency Class | Housing Assignment | Stat |
|---|---|---|---|---|---|---|---|---|
| 744047 | 03/16/2018 10:46 | | Davis Correctional | OKLAHOMA DEPARTMENT OF CORRECTIONS | | OK – MEDIUM | SECTION:E--BLOCK;FD--CELL;210--BED;B ACTI |

**Assignment History - UNASSIGNED(U/P)**

Assignment Event Start Date End Date Days Off Pay Rate Facility Location Category SubCategory

Assignment Waiting List (Registrations without Assignments)

**Registered For Registered Date**

**TABE Assessment History**

Date Taken Reading Math Comp. Appl. Math Total Math Language Total Batt.

**Incident Participation History**

| Incident No. | Incident Date/Time | Status | Facility | Priorities |
|---|---|---|---|---|
| 2019-1001-097-III | 03/06/2019 13:04 | COLLECT Davis Correctional | 1.Prordy III: Fight WITHOUT Weapon NOT Resulting in Immediate Outside Medical Treatment-Inmate on Inmate |

**Grievance History**

| Grievance No. | Status | Category | Informal Resolution No. | Informal Resolution | Outcome | Local Grievance No. | Grievance Disposition | Appeal Disposition |
|---|---|---|---|---|---|---|---|---|
| 2019-1001-00160-G | CLOSED | Personal Property | | | 8 | | Returned | |
| 2019-1001-00166-G | CLOSED | Other | | | 11 | | Returned | |
| 2019-1001-00179-G | CLOSED | Medical Services | | | 1 | | Returned | |
| 2019-1001-00028-G | CLOSED | Medical Services | | | 2 | | Grievant's Favor | |
| 2019-1001-00046-G | CLOSED | Personal Property | | | 8 | | Returned | |
| 2019-1001-00102-G | CLOSED | Safety/Security | | | 4 | | Grievant's Favor | |

**Disciplinary History**

| Discipline No. | Status | Local No. | Offense Date/Time | Offense | Severity | Disposition |
|---|---|---|---|---|---|---|
| 2018-1001-01653-D | CLOSED | A-21 | 05/29/2018 16:00 | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE | Minor | Guilty |
| 2018-1001-01898-D | CLOSED | A-22 | 06/20/2018 22:40 | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS | Major | Guilty |
| 2018-1001-02027-D | CLOSED | A-22 | 07/04/2018 19:10 | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS | Major | Guilty |
| 2018-1001-02037-D | CLOSED | X-25 | 07/05/2018 12:52 | THREATENING ANOTHER WITH HARM | Major | Guilty |
| 2018-1001-03154-D | CLOSED | A-22 | 10/07/2018 02:00 | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS | Major | Guilty |
| 2018-1001-03177-D | CLOSED | A-21 | 10/08/2018 20:57 | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE | Minor | Guilty |
| 2018-1001-03178-D | CLOSED | A-22 | 10/10/2018 07:11 | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS | Major | Guilty |
| 2018-1001-03179-D | CLOSED | X-25 | 10/10/2018 07:13 | THREATENING ANOTHER WITH HARM | Major | Not Guilty |
| 2018-1001-03416-D | CLOSED | A-22 | 10/22/2018 17:40 | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS | Major | Guilty |
| 2019-1001-00626-D | CLOSED | X-18 | 02/14/2019 14:05 | DESTRUCTION, ALTERATION OR DAMAGE TO PROPERTY | Major | Guilty |
| 2019-1001-00629-D | CLOSED | A-7 | 02/14/2019 13:03 | HINDERING AN EMPLOYEE IN THE PERFORMANCE OF HIS DUTIES | Major | Guilty |
| 2019-1001-00883-D | OPEN | A-7 | 03/12/2019 16:36 | FIGHTING | Major | |

**Document Library**

CCA ID: 5455995
Agency ID: 744047
Status: ACTIVE

Johnson - CIV-19-269          10/10/2020          000028



Must Be Submitted Through the Law Library or Designee **RECEIVED**
Inmate/Offender Grievance Process
**REQUEST TO STAFF**

APR 01 2019

TO: Mr. Martinez Fox unit LM  FACILITY/DIST/UNIT: Docs F  DATE: 3-22-19
(NAME AND TITLE OF STAFF MEMBER)  Fox Unit Manager

I have ____ have not ✓ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _____ facility: _____ grievance #: _____
I affirm that I do ___ do not ✓ have a grievance pending on this issue.
I affirm that I do ___ do not ___ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request _____ does _____ does not relate to a pending misconduct report. If it does, this
request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

On 3-14-19, You discraminated against me and my celly Marqui's Parker # 766-756, we both told you we did not have a fight. We were plain-watatling to see who was the strangest. I was winning but my celly bit me to get the off.

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

Place my old celly Marqui's Parker #756-756 back in Fox-della 710 and pay nominal damages for violation my U.S constitutional rights. $4500 ordered in nominal damages. Tale LCBTQTP Inmates own self views serious.

NAME: Willie Johnson  DOC NUMBER: 744647 UNIT & CELL NUMBER: FD-710
(PRINT)
SIGNATURE: Romore Johnson  WORK ASSIGNMENT: _____

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION: What you described is a physical altercation. Futhermore, you pled guilty to fighting. Due to the fight, separ were hiten and you will not be housed together. Request Denied.

4/9/19

STAFF MEMBER  DATE

Date response sent to inmate: APR 12 AM 9

1. Original to file
2. Copy to inmate/offender

DOC 090124D (R 9/16)

Off him. I wasn't expecting that so i smacked back
and my face hit the bed, that's how MY nose started
to bleed, the bite was also because P smacked back.
There was no fight. My nose was bleeding alot
So we "both" banged on the door. C/O Prince
took me to medical and told the Nurse I was
in a fight. I Insisted that I t wasn't a
fight but C/o Prince wouldn't listen, C/o Prince
wasn't even there when the incident arose. No-
body was there. That's why we banged on the
door. Then You threatened me and told me You
were going to have some guards or Inmates
beat me up If i didn't plead guilty. I told
You I have PHI and You still said "I don't
Protect Fags, This is Prison You better learn
how to fight." My cally said "I'm not Pleading
guilty. So You moved him. Putting him also
In harm's way. You have Violated our
6th Amendment and first Amendment rights
of the United States Constitution
for cruel and unusual Punishment,
and retaliation as well as Our fourteenth
Amendment of the United states constitution
Equal Protection Clause. You have
proved the "deliberate indifference" claim

See:
Remark
Romer V.
Evans, 517
Y.S. Ct 1620,
116 S. Ct 1620,
134 L.Ed.2d.
855 (1996).

See: Howard V. Cherish
575 F. Supp. 34, 36
1983 U.S. Dist.
LEXIS 16265 at
*9-10 (S.D.N.Y.1983)

See: Farmer v. Brennan, 511, U.S.a; 825; 842.
(1995); Holmes v. Artuz, 1995 WL 639 995
(S.D.N.Y.1995) See: Greene v. Bowles
361 F.3d 290 (6th Cir.2004)

I do not want to be around You
i fear that You will cause Irretible
harm to me. I want my old celly
back in my cell. he is the only one
I Trust. I feel safe and comfortable
around Marquis Porter #786756
See: 28 C.F.R. § 115. 42(E) " A Transgender
or intersex inmate's own views with
respect to his or her own safety shall
be given serious consideration."

RECEIVED
APR 01 2019

Must Be Submitted Through the Law Library or Designee
Inmate/Offender Grievance Process
REQUEST TO STAFF

TO: Cheif Dirmun   FACILITY/DIST/UNIT: D.C.F   BY: DATE: 3-25-19
(NAME AND TITLE OF STAFF MEMBER)

I have ____ have not ✓ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _____ facility: _____ grievance #: _____
I affirm that I do ____ do not ✓ have a grievance pending on this issue: _____
I affirm that I do ____ do not ✓ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request ____ does ✓ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

SUBJECT: State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

On 3-25-19 @ appx 8:50- 9:00am I spoke to you at MY cell door For delta Zlo, I informed you that I had a PMIT (Protective Measures Investagation) that I could only live with one Person whom I feel safe around See @ 28 ->
(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly should be done and how.
Place Margshis Porter 746756 back Into MY cell FD-Zloo I feel safe around him, he has NEVER made any Sexual advances towards Me.

NAME: Lamarie (Mamie) Johnson   DOC NUMBER: 744047 UNIT & CELL NUMBER: FD-Zlo
(PRINT)
SIGNATURE: _____   WORK ASSIGNMENT: _____

DO NOT WRITE BELOW THIS LINE

DISPOSITION:
Mr. Johnson this is a dead issue. You will not house w/ Mr. Porter, ever again. Not this yard or any DOC yard.
Norman   4-5-19

STAFF MEMBER   DATE

APR 0 8 ANS'D

Date response sent to inmate: _____
1. Original to file
2. Copy to inmate/offender
DOC 090124D (R 9/16)

See: 28 C.F.R. § 115.42.(c) " A Transgender
Or intersex inmates own views with respect to
his or her own safety shall be given serious
consideration." That Person is Marquis
L. Porter, 746756, whom also has a PMTI
which we are "threated" by the same group
of People. Id. § 115.41, 43, On 3-28-19, around
4:00-6:00 pm Mr. Martinez sent C/o STamey to
house a Inmate with me. I refused due to
me 1. Being a (MTF) Pre-operative Transgender
I am at risk of Sexual Assualt. See: Farmer
V. Brennan, 511 U.S. 825 (1994) & See: Lojan
V. Crumbsie, 12 CV. 0320 LAP, 2013 WL
411356 at 4* (S. D. N.V. Feb. 1, 2013" Mere
Knowledge that Plaintiff was transgender
was Sufficient to Put Prison Officals on
Notice that she was susceptible
to PMVsicial attack." 2. That I have
PMTI's and Previous P.R.E.A Incidents
reported were I was the Victim. So My
own safety views should be tooking into
serious consideration with respect. Not
doing so is a P.R.E.A Violation.
See 28 C.F.R. § 115.41, 42(e)
You told me that You don't have
to listen to my Views. I told You
I can only live with Marquis Porter.
You told me I could live with
Anyone. Leaving me in my cell for a
long Period of time Alone also violates my
Rights. See: 28 C.F.R. § 115. 43 (a)(b), (c)
See also: Medina-Tejada V. Sacramento
County, N.D. CIV-5-04-138 FDC/DAD Feb 22, 2006

See:
OP 030601
VII. Screening
/Assessment
at Reception
Centers B.(1.2)
B.(d)
See also:
OP. 140147
Manayment of
Gender Non-
Conforming
offenders