IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA.

**LAMONE MORLEE JOHNSON,**

       **Plaintiff,**

vs.

       **Case No. CIV-19-269-JFH-SPS**

**DR. SANDERS, et al.,**

       **Defendants.**

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY.**

---

    COME NOW Defendants Sanders, Larimer, Martinez, Morrison, and Taylor by and through their attorney, Darrell L. Moore, OBA #6332, submitting their response in opposition to Plaintiff's Motion to Compel Discovery. In his Motion to Compel [Doc. 68], Plaintiff asserts Defendants' discovery responses were evasive and inadequate and he seeks an Order from the Court directing that amended responses be provided.

    Contrary to Plaintiff's assertions, Defendants timely and appropriately responded to the Plaintiff's discovery requests. Answers provided to Plaintiff's requests were direct and on-point. And Plaintiff was provided thirty-two (32) pages of responsive materials including disciplinary records, incident reports, and photos.

    In the Motion to Compel, Plaintiff does not provide specific objections to the individual discovery responses provided by Defendants. Instead, Plaintiff simply asserts several "blanket" objections. Plaintiff may not have liked the responses provided, but that does not mean the responses were inadequate and inconsistent with expected discovery responsibilities.  Plaintiff

1

has requested the Court direct Defendants to answer Requests No. 4, 5, 7, 9, 13 and 14 more appropriately. Defendants address each of those Interrogatories individually herein.

## A REVIEW OF DEFENDANTS' DISCOVERY RESPONSES DEMONSTRATES PLAINTIFF'S MOTION SHOULD BE DENIED.

Defendants' response to Plaintiff's Request No. 4 was appropriate.

**REQUEST NO. 4:** Please identify inmates schedules in the kitchen for months of June, July 2019 (include inmates names and ID Photos).

**DEFENDANTS' RESPONSE TO REQUEST NO. 4:** Objection, relevance. Facility records indicate you worked in food service 5/24/2018 - 7/05/2018 and 10/04/18 - 10/09/18.

**Discussion:** Plaintiff's request asked for information about other inmates who worked in the Kitchen at the prison facility during June and July 2019. Facility records indicate Plaintiff was not assigned to work in the facility Kitchen during 2019. Plaintiff has provided no information or allegation that would warrant him being provide such information about other inmates. Defendants' objection asserting relevance was appropriate. In support of the Motion to Compel, Plaintiff has provided no additional information regarding relevance of such a request that would override the safety, security, and privacy concerns regarding the requested information about other inmates. Defendants' response was appropriate.

Defendants' response to Plaintiff's Request No. 5 was appropriate.

**REQUEST NO. 5:** Please identify all staff members whom was present in the segregation review and the listed inmates whom attended the segregation review and the outcome of each inmate situation on the date of March 5, 2019.

**DEFENDANTS' RESPONSE TO REQUEST NO. 5:** Objection, relevance. Objection, safety, security, and privacy concerns restrict release of the requested information regarding other inmates. Without waiving these objections, Plaintiff attended a segregation review on or about March 5, 2019. Staff whom may have been present were Assistant Warden Gentry, Assistant Warden Perez, Chief of Security Brown, Unit Manager Berry, Unit Manager Martinez, and Clerk Polkinghorn.

**Discussion:** Besides asking for staff members in attendance, Plaintiff's request asked for specific information regarding other inmates attending their own segregation reviews and sought information related to the resolution of each inmate's review. Again, Plaintiff has provided no basis for a request for information directly related to other inmates. Defendants' objection was proper given the direct safety and security concerns of providing such information to an inmate. There is no basis provided by Plaintiff in the Motion to Compel for the release of such information. Defendants did provide Plaintiff the information requested as regards staff members likely present during the requested reviews. Defendants' response was appropriate.

Defendants' response to Plaintiff's Request No. 7 was appropriate.

**REQUEST NO. 7:** Please identify all prison staff members (by name, rank and title at the relevant time and last known home and work address) who were on duty on Fox Delta between 6:45 pm to 5:45 am from March 6 to March 14, 2019.

**DEFENDANTS' RESPONSE TO REQUEST NO. 7:** Objection, relevance. Objection, safety and security of staff members. Plaintiff is an inmate in a correctional facility and will not be provided address information of staff members. Without waiving these objections, a review of shift rosters for the subject dates indicates the following Officers were assigned to the day shift on Fox Delta from March 6, 2019 to March 14, 2019: David Dellinger, Jacob Reed, Dayne Chaplin, Zachary Powell, Vance Shaw.

**Discussion:** Plaintiff's request asked for personal information (i.e., addresses) related to staff members. Specifically, their home and current work address if no longer employed at DCF. Defendants' objection was proper given the obvious safety and security concerns of providing such information to inmates. Plaintiff provides no foundation in the Motion to Compel that would counter the obvious safety and security concerns raised by Defendants vis-à-vis addresses for employees. Defendants did provide Plaintiff the requested information regarding names of staff members working on Fox Delta. However, upon further review, Defendants' response to Request No. 7 provided Plaintiff the names of Officers working the <u>day</u> shift on Fox Delta; with Request No. 7, Plaintiff asked for the names of staff members working the <u>night</u> shift on Fox

3

Delta. That information for the requested dates is as follows – March 6 and 7, 2019, Officer Stetson Wilkerson; March 8, 9, and 10, 2019, Officer Blake Odom; March 11, 2019, Officer Deshawana Madden; March 12, 2019, Officer Justin Keith; and, for March 13 and 14, 2019, Officer Blake Odom.

Defendants' response to Plaintiff's Request No. 9 was otherwise appropriate.

**REQUEST NO. 9:** Please identify and attach a copy of your whereabouts on March 6, 2019 on Fox Delta Cell 210.

**DEFENDANTS' RESPONSE TO REQUEST NO. 9:** Objection, your request is vague and unclear insofar as you have asked Defendant Martinez for a *copy of your whereabouts*. Without waiving this objection, I, Unit Manager Martinez, was on the facility on March 6, 2019 as verified by my digital signature on the 5-1 incident report. My office was on the Fox Alpha Pod and I likely would have been on FD at some point during the day.

**Discussion:** Plaintiff's request asked for identification and a copy of whereabouts of the housing Unit Manager (Unit Manager Martinez) for a certain date. Defendants affirmatively responded that Unit Manager Martinez was at work at the facility on the specific date. Plaintiff does not articulate in the Motion to Compel how that response was insufficient. Defendants' response was appropriate.

Defendants' response to Plaintiff's Request No. 13 was appropriate.

**REQUEST NO. 13:** Please identify and attach copies of all 5-1cs filed by inmate Lamone Johnson, inmate Marquis Porter and their locations.

**DEFENDANTS' INITIAL RESPONSE TO REQUEST NO. 13:** Objection, safety and security. Plaintiff is an inmate in a correctional facility and should not be provided information submitted by other offenders. Objection, relevance. Objection, vague, unclear, and unduly burdensome. Plaintiff's request for "all" 5-1c he may have submitted while he was confined at Davis Correctional Facility is not relevant to his claims brought forward to this Court. Without waiving these objections, no 5-1c Incident Statements completed by Plaintiff have been located. Requests to Staff submitted by Plaintiff dated March 22, 2019 and March 28, 2019 will be BATES numbered and produced to Plaintiff by separate correspondence.

**Discussion:** Plaintiff's request asked for copies of all 5-1C statements filed by Plaintiff and/or Inmate Porter. No date or connection to an identifiable incident was provided by Plaintiff. CCA/CoreCivic, Inc., owner-operator of the Davis Correctional Facility, has published a policy titled "Incident Report", Policy Number 5-1. A 5-1C Incident Statement is collected from all employees involved in or witnessing an incident and an inmate may be requested to complete a 5-1C when the inmate has been involved in an incident or has witnessed an incident. Materials collected as part of the 5-1 incident report process are stored by date of incident. Given the vague nature of Plaintiff's request, Defendants appropriately responded that the request, as presented by Plaintiff, was not relevant to the present action. And, without more specific information, Defendants were unable to locate any 5-1C statements submitted by the Plaintiff. In case Plaintiff had mistakenly referred to a 5-1C statement when actually meaning to refer to a Request to Staff form (a *Request to Staff* form is part of the administrative remedies policy process set forth in the Oklahoma DOC policy OP-090124, *see* Document 31-7, Page 3 of 22, ¶1.B), Defendants did provide Plaintiff copies of Request to Staff forms Plaintiff had submitted.

Again, Plaintiff does not articulate in the Motion to Compel how Defendants' response was insufficient. Defendants response was appropriate.

Defendants' response to Plaintiff's Request No. 14 was appropriate.

**REQUEST NO. 14:** Please identify all officers responsible for formulating, implementing, and monitoring compliance with the policies, procedures and protocols and practices described in your response to Interrogatory #2 and Interrogatory #8.

**DEFENDANTS' INITIAL RESPONSE TO REQUEST NO. 14:** Objection, vague and unclear in that Plaintiff requests that we identify "all" responsible officers. Without waiving this objection, as the Unit Manager for the Fox housing unit during 2019, I was responsible for the operation of that inmate housing unit.

**Discussion:** Plaintiff asks the Court to Compel Defendants to answer Interrogatory No. 2 and Interrogatory No. 8 more appropriately. A review of Defendants' responses to those Interrogatories demonstrates those responses to have been quite appropriate.

Plaintiff's **Request No. 2**: Please describe in as much detail as possible every policy, procedure and practice that governs that care of LGBTQIP (Gay, Bi-sexual, Transgender, Queer, Intersex, Pansexual) Inmates and the disciplinary process.

Defendants' **Response to Request No. 2:** For the Fox housing unit at Davis Correctional Facility, Oklahoma DOC OP-040204 Segregation Measures is the policy that governs the care of inmates. It is applied to all inmates. Oklahoma DOC OP-060125 Disciplinary Procedures is the policy that outlines the disciplinary process. It is applied to all inmates. OP-060125 Attachment A sets out the acts constituting rule violations. Oklahoma DOC OP-030102 pertains to inmate housing. Oklahoma DOC OP-140147 pertains to determination and management of inmates with gender dysphoria. And Oklahoma DOC OP-030601 and 030601-APS pertain to the Oklahoma Prison Rape Elimination Act.

Plaintiff's **Request No. 8**: Please identify the procedure for "inmates who refused cellmates" and the procedure for "investigating or physical altercation between two inmates who horseplay." And the steps the investigator takes to determine the incident as "horseplay" or "fight."

Defendants' **Response to Request No. 8**: If an inmate refuses cell mates, he is issued a misconduct and his level is dropped. Furthermore, based on the circumstances of the refusal, the inmate may be placed in Segregation pending investigation into the refusal. During segregation reviews, a determination is made to return the inmate to general population or conduct a protective measures investigation. If an inmate shows signs of injury, an investigation is conducted to determine the source of the injury and to ensure the safety of the inmate. The investigation includes reviewing staff reports, photographs, and inmate medical evaluations and may include interviewing the victim, the suspect, and any witnesses. In my 23 years' experience as a Corrections professional, when inmates incur injuries as a result of horseplay, they readily admit it. When inmates maintain different stories and are evasive when questioned, it generally means that something occurred that they don't want staff to know about. In this incident, both inmates reported that inmate Johnson fell off the top bunk. However, both inmates had injuries that were inconsistent with falling off the top bunk and were consistent with fighting.

As can be clearly seen by a review of the Responses provided to Plaintiff Johnson, Defendants properly responded to Request No. 2 and Request No. 8. Plaintiff's Motion to Compel does not articulate what specific deficiencies the Plaintiff seeks to have corrected. With Response to Request No. 2, Defendants properly identified, as requested, the list of applicable

policies and provided a brief explanation of each policy as they pertain to inmate care, discipline, and housing. With respect to Request No. 8, Defendants provided a detailed answer as to steps taken when an inmate refuses a cellmate or when an inmate has obvious injuries.

And, as noted by Unit Manager Martinez, as the housing unit manager for the Fox Housing unit during 2019, he was responsible for the operation of the inmate housing unit. Defendants' responses to Requests 2, 8, and 14 were appropriate.

## ARGUMENT AND AUTHORITY

Plaintiff's submitted discovery requests were adequately and validly responded to by the Defendants. In the Motion to Compel Plaintiff provided no basis for the assertion that the answers provided were insufficient or not proper. Defendants' responses were timely provided and appropriately informative.

The situation at hand is similar to that considered by the Court in Troutt v. Correctional Healthcare Management, Inc., 248 Fed. Appx. 910 (10th Cir. 2007). In that case, the Court of Appeals considered whether the District Court (the United States District Court for the Western District of Oklahoma) had abused its discretion when denying a Plaintiff's Motion to Compel discovery. The District Court had denied Plaintiff's motion because, (1) he failed to "identif[y] any particular discovery response of any Defendant that is allegedly insufficient"; (2) he stated, "only in the most general and conclusory terms that Defendants' responses and objections have thwarted his ability to obtain relevant evidence"; and (3) the "Defendants' discovery responses d[id] not demonstrate on their face any violation of the Federal Rules of Civil Procedure." The Court of Appeals concluded that the District Court had not abused its discretion. See Id., at 915.

Clearly, like in the Troutt matter, this Honorable Court should deny Plaintiff's Motion to Compel.

7

**CONCLUSION**

WHEREFORE, premises considered, Defendants pray the Court deny Plaintiff's Motion and provide Defendants such other and further relief to which they may be entitled.

                      Respectfully submitted,
                      CoreCivic Defendants

BY: _/s/ Darrell L. Moore_
Darrell L. Moore, OBA #6332.
J. RALPH MOORE, PC
P.O. Box 368
Pryor, OK  74362
Tele: (918) 825-0332/7730 (fax)
darrellmoore@jralphmoorepc.com
Attorney for CoreCivic Defendants

*Certificate of Service*

☐ I hereby certify that on May 21, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

☒  I hereby certify that on May 21, 2021, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

Lamone Johnson, DOC #744047
Oklahoma State Penitentiary
P.O. Box 97
McAlester, OK 74502-0097

_/s/ Darrell L. Moore_
DARRELL L. MOORE