IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**LAMONE MORLEE JOHNSON,**

    **Plaintiff,**

v.                  Case No. 19-CV-269-JFH-JAR

**DR. SANDERS, et al.,**

    **Defendants.**

### OPINION AND ORDER

  Plaintiff Lamone Morlee Johnson ("Johnson"), a transgender woman, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, claiming she was unconstitutionally denied hormone replacement therapy ("HRT"). Dkt. No. 13. The defendants are the following Davis Correctional Facility ("DCF") officials: Dr. Sanders; Ray Larimer, Health Services Administrator; Ernesto Martinez, Case Manager; Shanna Taylor, Case Manager; and Sgt. Morrison, Correctional Officer. On April 8, 2022, this Court granted the defendants' motion for summary judgment and entered judgment for the defendants. Dkt. Nos. 98, 99. On April 25, 2022, Plaintiff Johnson filed a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e). Dkt. No. 100. Although Johnson's prolix motion is difficult to follow, Johnson is arguing that the Court's duty was "to determine whether or not the O.D.O.C. Policy [on management of gender nonconforming inmates] is unconstitutional or not." *Id*. at 2.

  As discussed in this Court's earlier Opinion and Order, before her sentencing, Johnson received HRT and a testosterone blocker at the Oklahoma County Sheriff's Office. *Id*. at 3. In September 2016, she was assessed at the Oklahoma Department of Corrections' ("ODOC") Lexington Assessment and Reception Center, and the HRT was continued. *Id*. She was transferred to North Folk Correctional Center, where she allegedly signed an agreement to continue her HRT.

*Id.* When she was transferred to John H. Lilley Correctional Center and Dick Connor Correctional Center, she allegedly was promised in an agreement with ODOC that she would be monitored to determine whether she was benefitting from the treatment. *Id.*

On April 20, 2018, Johnson returned from a writ to the Oklahoma County Sheriff's Office, and she obtained a copy of her medical records, which indicated a change in her HRT dosage. Dkt. No. 13 at 9. In response, she submitted a sick call request and was informed that before her medication could be adjusted, she needed a gender dysphoria evaluation by an ODOC physician. *Id.* Johnson argued that she already had been evaluated by the Oklahoma County Sheriff's Department before entering ODOC custody, but prison officials maintained she had to have an ODOC evaluation. *Id.*

On May 1, 2018, Dr. Patricia Jones, ODOC staff psychologist, evaluated Johnson by interviewing her about her family, social and transgender history; her education and employment history; her social and relational history; her criminal history; and her psychiatric and substance abuse history. Dkt. No. 13-2 at 24-28. Dr. Jones also considered all of Johnson's ODOC electronic medical records, administered a mental status examination, reviewed relevant self-report assessments, and observed Johnson's social media posts. *Id.* at 25. In addition, Dr. Jones conducted a field file review and a comprehensive review of Johnson's Offender Management System records. *Id.* at 28-30. Dr. Jones concluded that "while Inmate Johnson may, or may not, be a transgendered individual, her anger, anxiety, reported episodes of depression, substance use, and extreme difficulty in social situations are best explained by Personality Disorder and not Gender Dysphoria. *Id.* at 24.

After Dr. Jones issued her report on May 11, 2018, Johnson was transferred to Davis Correctional Facility ("DCF") on May 16, 2018. *Id*. at 9-10. At DCF, Johnson was informed that Dr. Jones had advised that Johnson did not have gender dysphoria. *Id*. at 10. Instead, Dr. Jones had diagnosed Johnson with a personality disorder. *Id*. at 10; Dkt. No. 13-2 at 23-31.

Johnson argues in her Rule 59(e) motion that the Dr. Jones was not competent to distinguish between gender dysphoria and other mental health conditions. Dkt. No. 100 at 3. She also insists that ODOC should not have required the gender dysphoria evaluation by Dr. Jones, because Johnson previously was evaluated at the Oklahoma County Jail. *Id*. at 6. Johnson advises she has more recently been re-evaluated for gender dysphoria, and she was diagnosed with a "severe case of gender dysphoria" and prescribed HRT. *Id.* at 2-3.

Johnson contends the Court's citation to *Hardeman v. Smash*, No. 21-7018, 2022 WL 470741 (Feb. 16, 2022) in its April 8, 2022, Opinion and Order was inappropriate, because the plaintiff in that case never was on HRT. *Id*. at 2. The Court notes that it did not reference *Hardeman v. Smash*. It did, however, reference *Hardeman v. Smith*, 764 F. App'x 658 at n.1 (10th Cir. Feb. 22, 2019), but only with respect to Johnson's preferred pronouns. Dkt. No. 98 at 1 n.1.

Johnson cites *Porter v. Crow*, No. 18-CV-472-CVE-CDL, 2020 WL 620284 (N.D. Okla. Feb. 10, 2020), as controlling. Dkt. No. 100 at 2. Johnson asserts that *Porter* shows that Dr. Patricia Jones, the ODOC staff psychologist, is a "biased bigot psychologist" who no longer is employed by the Department of Corrections. Dkt. No. 100 at 2. The Court notes that Dr. Jones is not a defendant in this action.

In the *Porter* case, Dr. Jones evaluated Porter, a transgender female inmate, and suggested that Porter was "masquerading as a woman." *Porter*, 2020 WL 620284, at *3. Based on her 45-

3

minute session with Porter, Dr. Jones issued a report, "concluding that Plaintiff's anxiety, depression, and difficulty in social settings was better explained by her diagnosis of schizotypal personality disorder, not gender dysphoria." *Id.*

> Dr. Jones "based her conclusion that Plaintiff did not suffer from [g]ender [d]ysphoria on assumptions including Plaintiff's choice of careers and interests" which include a past career as a heavy equipment operator and an interest in nuclear science and biochemistry. Jones characterized these as "typically male dominated areas of interest, education, and employment." *Id*. Jones' assessment was improperly influenced by the biased opinion that women generally do not operate heavy equipment and do not study science, an opinion not grounded in "any fact or statistic."

*Id.* (citations omitted).

> In her report [for Porter], Dr. Jones recommended mental health treatment for schizotypal personality disorder and stated, "When medical staff determines if continuation, advancement, or discontinuation of [hormone therapy] is in the best interest of [Plaintiff], it is recommended that medical and mental health staff meet to consult on development of a formal behavior plan that will provide appropriate safety precautions . . . ."

*Id*. at *4.

Dr. Jones did not recommend that Porter's HRT be discontinued. She instead recommended that when a decision about HRT was made by medical staff, the medical and mental health staff should confer to develop a plan for Porter. *Id*. Sometime after Porter's meeting with Dr. Jones, a physician's assistant at the prison allegedly abruptly discontinued Porter's HRT. *Id*. Porter claimed the sudden end of the HRT caused her to experience severe physical and mental problems. *Id*. Porter's subsequent grievance and grievance appeal seeking reinstatement of her treatment was denied, based on Dr. Jones's report. *Id.*

The Northern District Court held that Porter "suffer[ed] from a serious medical condition, 'to which ODOC and its officials, employees, and agents are and have been deliberately

4

indifferent.'" *Id*. (quoting Porter's amended complaint at 9). Based on the Court's analysis, Porter was permitted to proceed against Dr. Jones on Porter's deliberate-indifference claim. *Porter*, 2020 WL 620284, at *14.

According to the docket sheet for Porter's Northern District Case No. 18-CV-472-CVE-CDL, on June 7, 2021, mail addressed to her was returned to the Court, marked "address unknown." On August 24, 2021, a Suggestion of Death as to Porter was filed by Porter's attorney. On November 8, 2021, all claims against the defendants were dismissed with prejudice and Judgment was entered against Porter. Consequently, the *Porter* case is not authority for Johnson's case.

Johnson next alleges that the ODOC's policy on management of inmates with gender dysphoria states that HRT may not be undertaken unless a diagnosis of gender dysphoria is determined. She argues this requirement is "irrelevant" to the issue when she already had been prescribed HRT. Also, the policy does not expressly state that the ODOC or private prison staff may discontinue HRT if a misdiagnosis is made. When Johnson waived her psychiatric medications, she did not waive her HRT chronic case medications.

Johnson further asserts that the Court's statement "that there was no evidence in the medical record that the Plaintiff's HRT was initiated prior to incarceration of [sic] O.D.O.C. is a lie." Dkt. No. 100 at 5. The Court does not find this language in its Opinion and Order, and Johnson's citations are to her own exhibits. The record shows that the Court clearly acknowledged Johnson's history of HRT in the Opinion and Order entered on April 8, 2022. Dkt. No. 98 at 3.

Johnson points to her medical summary showing an entry reading, "Pt. has been on hormone replacement therapy for over a year and feels he is a woman trapped in a man's body."

5

Dkt. No. 13-1 at 30.  The form was electronically signed by Bethanie Allie, LPN, on January 4, 2018, before Dr. Jones evaluated Johnson on May 1, 2018.  *Id*. at 33.  Johnson contends the defendants should have reviewed her previous medical records, so they would have known of the HRT prior to incarceration in the ODOC.  It, however, is clear from the medical summary form that prison officials were aware of Johnson's history.

After careful review, the Court finds Johnson has failed to show she is entitled to relief for her motion to alter or amend the Judgment in this case.

IT IS THEREFORE ORDERED that Johnson's motion to alter or amend the Judgment pursuant to Rule 59(e) [Dkt. No. 100] is denied.

Dated this 9th day of May 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE